The opinion of the Court was afterwards delivered by
Parsons, C. J.
On the facts disclosed by the case, the Court are called upon to determine what insurable interest the plaintiff had in the schooner Hiram, when she was lost, for which he is entitled to recover on this policy.
There is no question as to one moiety of the schooner, which was the absolute property of the plaintiff; the disagreement of the parties is confined to the other moiety, which he hired of Mayberry, a part owner.
It appears from the facts that the plaintiff had hired of Mayberry his moiety for eighteen months; that for the time he was to pay a certain sum per month, and if the schooner was lost during the term, he was to pay Mayberry for his half-part 1800 dollars, which sum, it is not contended, was above the value of half the vessel.
By virtue of this contract the plaintiff had immediately, on its execution, a special property in Mayberry’s moiety, which was at his risk during the term. The contract was fair and legal, and the plaintiff might indemnify himself against the loss by causing himself to be insured. When the schooner was lost, he lost the whole of her; of one moiety he was the absolute owner, and of the other moiety he was the special owner, being liable to pay for her at an agreed price. We are therefore of opinion that the plaintiff is entitled to recover of the * assurers the sum insured, [ * 138 ] on the vessel, he being interested in her to that amount.
It is stated that the insured gave no information of the nature of his interest in the schooner, and on this ground it has been contended that the plaintiff ought not to recover. If the concealment was ot' a material fact, undoubtedly the policy would be void; but it is not slated that the fact not communicated was material, and the Court *118 cannot presume that it was. Indeed, it appears from the case that this was not made a point; for it is admitted that the plaintiff is entitled to recover something from the underwriters. Judgment must be entered for the plaintiff conformably to the agreement of the parties.
There being in this policy a clause, that, if there be an over-insurance, the underwriters shall be answerable for the interest insured according to the priority of their signatures; and it appearing that, of 5000 dollars, the whole sum insured, 2000 were on the cargo, of which there is no loss, each underwriter is to have 2-5ths of his subscription deducted. The remaining 3-5ths on the vessel not being an over-insurance, the underwriters must pay respectively 3-5ths of their subscription, after deducting their several proportions of the sums agreed on by the parties (3).

 [Bartlett vs. Walter, 13 Mass. 267.—Locke vs. R. A. Ins. Co. 13 Mass. 61.—Moses vs. Pratt, 4 Camp. 297.—Everth vs. Smith, 2 M. & S. 278—283. Sed vide Riley vs. Delafield, 7 Johns. 522.—Ed.]