Parker, C. J.,
delivered the opinion of the Court. All the facts necessary to be proved, to entitle the plaintiff to recover, appear to have been established at the trial; provided an insurable *58 interest existed in him, and there was no concealment of any material fact at the time the insurance was effected. If these two points are in the plaintiff’s favor, judgment is to be rendered upon the verdict; unless Barnard, a witness examined at the trial, was incompetent from interest in the cause, and ought to have been rejected.
As the proof of interest depends in some measure upon the testimony of this witness, it will be proper first to settle the question of his competency. The objection to it rests upon the interest which he had in the property insured, and in the policy which was effected upon it. He advanced the money with which the plaintiff purchased the cargo ; the legal title of it was in the witness ; the bill of lading, and all other documents necessary for the voyage, were in his name. But the witness for the defendants, by whom Barnard's interest is to be proved, testified, that he stated the property to be the plaintiff’s. And it may well be, that the title is apparently in one, while another has all the equitable interest ; as, in the case of personal chattels mortgaged, where he who holds the property may have no interest in an insurance upon it, having collateral security upon which he may rely. It does not appear, there • fore, conclusively, from the testimony of the secretary of the company, that Barnard was interested in the event of the suit; and from the testimony of Barnard himself, although it is manifest that he is deeply interested in the question, *yet it does not appear, that he is directly interested in the event of the suit; for his debt will remain against the plaintiff, notwithstanding there tnay be no recovery upon this policy.
On the next question, which respects the insurable interest in the plaintiff, we think there can be no doubt. The property was really his, although the legal control of it was in Barnard ; it was shipped on his account and risk ; and he merely owed a debt to Barnard,. which this property was pledged to secure. His interest is the same as it would have been, had the purchase been made in his own name, and the bill of lading in his favor, and he had then indorsed the bill of lading, and signed other papers necessary to transfer the property as a pledge to Barnard.
It is not now to be disputed, that several persons, having several interests in property, may insure to the full value of that interest. There are numerous cases settling this point. But the great question is, whether one, having an equitable interest in property, the legal title of which is in another, may make insurance upon the property generally, without representing the interest he has, so that the underwriters may know the exact state of the subject-matter of their contract; and whether, if such representation is not made, there is not a concealment of material facts, which will avoid the policy.
It seems to us, that, upon general principles, it wc tld be right- • *59 that such should be the law ; but we are to inquire, what has been settled and practised upon, according to usages and judicial decisions, in order to ascertain the law of mercantile contracts.
As the contingency of damage to property insured, which may justify an abandonment and a claim for a total loss, although the subject-matter of the contract remains entire, is too frequent not to enter into the contemplation of the contracting parties ; it would seem, that, when a man causes insurance upon property in which he has an interest, but not such a title as will authorize him to transfer it * by abandonment, this fact ought to be made known, that the underwriter may determine whether he will take the risk under such circumstances or not. Still, we do not find, that such representation has been deemed essential in England, in the several cases where insurance upon qualified property has been established, nor in this State, although several cases have occurred which seemed necessarily to present such a question to the Court. (4)
Under these circumstances, we do not feel ourselves authorized to introduce what may be deemed a new principle, however useful it might have been, if early introduced into the law of insurance. We are satisfied, as the law stands, that a bond fide equitable interest in property, of which the legal title is in another, may be insured under the general name of property, or by a description of the thing insured ; unless there should be a false affirmation or representation, or a concealment, after inquiry, of the true state of the property.
We are the less disposed to depart from what appears to have been generally understood and received as the law and practice upon this subject, from a persuasion, that underwriters can, in no event, be injured thereby. For the assured, when he cannot, by abandoning, transfer the legal title to the underwriters, will be confined to an actual indemnity. Thus, if there should be salvage, which the person having the legal title to the property, or those who may have insured it for him, shall claim as belonging to them, the underwriter for him, who has the equitable interest, will be holden to pay only what is actually lost; the assured being in that case indemnified for the residue by the salvage, which is in fact received to his use, by the party to whom he is indebted.
The case of Carroll & al. vs. The Boston Marine Insurance Company, which has been cited by the counsel for the defendants, differs materially from the case now before us. For, in that case, *60 the conveyance of the vessel to Waterman was made by deed, and the attempt was to show a property * in Carroll, contrary to the face of the deed ; and it was justly holden, that be should not set up an interest in property so conveyed, contrary to the evidence of title by such documents, in order to charge the underwriters.
In the case at bar, the transaction between the plaintiff and Bar nard was a fair one. Barnard purchased and paid for the property, and held it in his name, with a view to enable the plaintiff to make some profit with it; and the real character of the transaction is • the same as if the plaintiff had borrowed money of Barnard to purchase the property, and had then pledged it to secure the money advanced. In such case, Barnard, having the legal title, might insure his interest ; and the plaintiff, having an equitable interest, might insure that.
We have before observed, that an actual, designed concealment of the nature of the interest insured would avoid the policy. But we think that this cannot be considered as proved, with respect to this particular subject of insurance, without a direct false affirmation as to the nature of the property, or a refusal to answer truly upon inquiry. In most cases it is entirely immaterial to the underwriter ; and, if it is important to him to know, he may always insist upon a satisfactory exhibition of title, or refuse to enter into the contract.
Upon these grounds, we are of opinion that the verdict is right; and judgment must accordingly be entered upon it.
[ 13 Mass. 96; 1 Phil. on Ins. 41; 15 Ves. jun 258; 17 Ves. jun. 67. —Ed.]

 Livermore vs. Newburyport Insurance Company, 1 Mass. Rep. 264. — Holbrook adm.vs Brown, 2 Mass. Rep 288. — Toppan vs. Atkinson, Ibid. 365. — Oliver Vs. Green, 3 Mass Rep. 133.— Wolff & al. vs Horncastle, 1 B. & P. 316 — Hill & al. vs. Secretan, Ibid 315—Crawford & al. vs Hunter. 8 D. & E 13 —Boehm & al vs Bell, Ibid. 154.— Hibbert & al. vs. Carter. 1 D. & E. 745. — Thompson vs. Taylor 6 D. & E. 478. — Grant vs Parkinson, Park, 267.