## Case No. 10,473.

### OHL v. EAGLE INS. CO.

[4 Mason, 390.][1]

Circuit Court, D. Massachusetts. May Term, 1827.

MARINE INSURANCE—PAROL EVIDENCE OF TITLE—SHIP'S PAPERS—NOTICE OF EQUITABLE OWNERSHIP.

1. A policy of insurance was underwritten on the entirety of a ship; and the ship's papers on the voyage showed a joint ownership of the master and the assured. *Held*, that parol evidence was not admissible to contradict the ship's papers, and prove a sole ownership in the assured, and that the papers were all wrong, and founded in mistake.

[Cited in U. S. v. Bartlett, Case No. 14,532; The Henry, Id. 6,372; Thurber v. The Fannie, Id. 14,014.]

2. Quære, if a title to a ship, engaged in foreign trade, can pass by parol?

[See Dowling v. The Reliance, Case No. 4,042.]

3. In a policy on the ship there is always an implied representation, that the ship's papers disclose the true legal ownership.

4. If the party intends to insure a special or equitable ownership, he must give notice to the underwriter. A common policy on ship covers only the legal ownership.

This cause was tried at the last term, and the facts, as they appeared at the trial, are reported in the former report [Case No. 10,472].

A motion was afterwards made [by John F. Ohl] for a new trial, and was argued at the present term.

Mr. Loring, for plaintiff.
Mr. Webster, for defendants.

STORY, Circuit Justice. The points now made, on the motion for a new trial, do not substantially differ from those made at the former trial, although the form, in which they are presented, gives them a broader aspect than the ruling of the court would warrant. I do not go over the facts, because they are to be found in the report of the trial; and nothing material now turns upon them. The ship sailed on the voyage insured, with every document on board, proving a joint title in Ohl (the plaintiff) and

---

[1] [Reported by William P. Mason. Esq.]

Remington, the master. The bill of sale was in their joint names; the ship's register, and the oath taken by Ohl at the custom-house, all establish the same fact. There was no attempt made to prove, by any writing or otherwise, that the ownership was not in equal moieties in Ohl and Remington, if Remington had any title at all. The object of the testimony was to establish an exclusive title in Ohl, by parol, unwritten, evidence, in opposition to the ship's papers and the bill of sale; to prove that the whole purchase money was paid by Ohl; that the bill of sale was in their joint names by mistake; and that the register was taken out, and the oath taken by Ohl by mistake. That, under such circumstances, there was an exclusive, legal, proprietary interest of the whole ship in Ohl; or that, at all events, there was a constructive trust, as to the moiety in the name of Remington, which, though existing only in personal confidence, and to be established only by parol proof, was yet sufficient to entitle Ohl to recover the value of the whole ship, as an equitable interest. At the trial I thought, and still think, that such proof of interest was wholly inadmissible to establish the plaintiff's title, in opposition to the ship's papers under which she was navigating for the voyage. The legal title must be deemed, so far as underwriters are concerned. to be truly exhibited on the ship's papers; and it appears to me, that it would introduce the most loose and inconvenient practice, to suffer any person to set up a parol title, as a ground of recovery against underwriters, without any prior notice of the nature of the interest intended to be insured.

First, it is said, that a sale of a ship is good by parol contract, without any writing to evidence the transfer; and that it is sufficient if there be a delivery to, and possession by, the vendee. If this be so, it may well be doubted, if it can apply to a case, where there is a bill of sale, and the possession and navigation of the ship is precisely in conformity to the bill of sale; for there the parol contract contradicts and controls the documentary evidence of title. But I am not prepared to admit, that a transfer of a ship is good without a bill of sale, or some written contract of sale, at least as to third persons. It is true, that a ship is personalty, and ordinarily personal property may pass by delivery. But the proposition itself is, or perhaps may not be, universally true, under all circumstances. In respect to ships a different course has, from the earliest times, prevailed. The general practice, I believe, of all civilized nations, has been to evidence the title to them by a bill of sale, or other written document. The nature of the vehicle. the interests of trade and navigation, and the necessity of furnishing, in foreign ports and upon the ocean, some proofs of property beyond mere possession, have probably led to the adoption of this practice. I have not been able to find a single case in English jurisprudence, in which it has been held, that a ship might pass, by mere delivery, without any document in writing of actual ownership. In Rolleston v. Hibbert, 3 Term R. 406, the very point was made by counsel. Lord Kenyon, on that occasion, said: "It was first contended, that it is not necessary that the property in a ship should pass by a written instrument. On that point I give no opinion, because it is not necessary. But certainly, if the parties choose to convey by a written instrument, that shows what the intention and the rights of the parties are; and they shall not afterwards be permitted to refer to any other agreement." The strong application of this language to the facts of the present case, cannot escape observation. Mr. Chief Justice Abbott, in his excellent work on Shipping (part 1, c. 1) says: "This species of property (that is, ships) appears, from very early times, to have been evidenced by written documents, and at present always is so, which other moveable goods rarely are;" and he thus confirms the doctrine of Lord Stowell in The Sisters, 5 C. Rob. Adm. 155. Mr. Jacobsen deduces the same, as the general maritime usage of commercial nations, and adds, that "at all times the property in vessels was only known by such written evidence, as is not required of other moveable property in market overt." Jacobsen, Sea Laws, bk. 1, c. 2, p. 21; see, also, Ex parte Halkett, 19 Ves. 474. I own, therefore, that I am not yet satisfied, that the doctrine that a bill of sale is necessary to pass a title is either new or unfounded in principle. In the case of Lamb v. Durant, 12 Mass. 54, there is indeed a dictum to the contrary; but the case itself turned entirely upon a different point, the right of one partner to convey a good title to a ship owned by the firm. A like dictum is found in Taggard v. Loring, 16 Mass. 336. But there again the question before the court did not turn upon any such consideration; for the only point was, whether barratry could be committed by the master, who had hired the vessel for the voyage. The court very properly decided, that it could not. In Oliver v. Greene, 3 Mass. 133, there was a charter-party, which constituted the part owner the sole owner for the voyage. The same fact existed in Bartlet v. Walter, 13 Mass. 267. If this were a case depending upon the local law of Massachusetts, the doctrine, asserted by the state court, even incidentally, would doubtless be entitled to very great respect. But the present case either turns upon the law of Pennsylvania, or, as may be fairly presumed, upon principles of general, if not universal, jurisprudence.

The New York cases, relied on at the bar, are distinguishable. In Kenny v. Clarkson, 1 Johns. 385, there was a written contract of sale, and the ship's papers were, by the consent of the parties, to remain until all the purchase money was paid. Wendover v. Hogeboom, 7 Johns. 308; Leonard v. Hunt-

ington, 15 Johns. 298; Champlin v. Butler, 18 Johns. 169, are disposed of by the single remark, that the sole question was, whether the party in possession, as owner, ordering repairs, or engaging mariners, was liable for compensation, or the mere registered owner, who had neither expressly nor impliedly made the contract, or authorized the expense. Upon the plainest principles of justice, the former was held exclusively liable. The case of Murgatrod v. Crawford, 3 Dall. [3 U. S.] 491, cannot be deemed an authority, for it was overruled in Duncanson v. McLure, 4 Dall. [4 U. S.] 308. The case of U. S. v. Willing, 4 Cranch [8 U. S.] 48, turned upon the construction of a statute of the United States; and no point was made as to the sufficiency of what is called the parol sale in that case, to transfer the title of part of a ship while at sea. Without a more clear and decisive course of authority to the contrary, I confess myself unwilling to desert the opinion held by Lord Stowell, and recognized at the trial, that a written document is the proper and necessary evidence of the title of transfer of a ship which navigates the ocean. But the present case does not turn upon that point. For here there was a written transfer, and the attempt is to set up a parol title to control the written documents. I think such evidence inadmissible. In Carroll v. Boston Mar. Ins. Co., 8 Mass. 515, the court rejected proof of title of ownership, inconsistent with the ship's papers and bill of sale. The court said, "every document proves an absolute transfer; and these documents must be conclusive in establishing the property of the vessel between the parties." A doctrine somewhat analogous was held by the court in Robinson v. M'Donnell, 2 Barn. & Ald. 134. My own opinion is, that it stands upon a principle commended by the soundest policy and justice.

I agree, that an equitable interest is an insurable interest. Whether it binds the underwriter to answer for any loss, when its peculiar nature is not disclosed, and the terms of the insurance are strictly applicable to legal interests; and whether there would be any difference in such case, if the disclosure were not material to the risk, are questions upon which I give no opinion. I am not unaware of the bearing of some of the cases cited at the bar on these points (13 Mass. 61; Id. 267; 3 Mass. 133; 1 Johns. 385); but I shall be scrupulous in avoiding any decision on them, until they constitute the very point in judgment. Whatever may be the general rule on this subject, in ordinary cases, I am of opinion, that an insurance on a ship is to be deemed, unless a special explanation is given, to be an insurance on the legal interest, and not on a mere equitable interest, as contradistinguished from the legal interest of the ship; and at all events not an insurance upon a mere private, verbal trust, in opposition to the ship's papers and the overt acts of the parties.

If such an interest is to be insured, it ought to be disclosed. The nature of such a title must ordinarily be material to the risk: and if by possibility it be not so, still it cannot be fairly presumed to be within the intention of the underwriter upon the common terms of a policy on a ship. In the absence of all explanation I think those terms must be understood to apply to a legal interest, and not to a mere parol trust or equity. I confess myself also to be strongly of opinion, that there is, in every case of this nature, an implied representation, that the ship's papers are according to the real legal ownership. No one has a right to say, that the true character of the ship and the representation of the genuine interest of the parties to the insurance are not, or may not be, material to the underwriter in estimating his risk. No one has a right to suppose, that in case of loss the underwriter is to be responsible, not according to the legal import of the ship's papers, but to verbal engagements and parol trusts, which are susceptible of being shaped according to events. In what manner could the underwriters, in this very case, assert an exclusive ownership upon an abandonment against Remington? The effect of the acts of the master, being a part owner, might be very important in the consideration, not only of questions of peril and revenue, but of the general conduct of the voyage. If the underwriter is not put upon any inquiries of this nature by any disclosure of a special interest or special ownership, he has a right to suppose, that the parties deal with him upon the naked avowal of legal titles.

My judgment accordingly is, that there is no ground for a new trial; that the legal title in the ship is not, and cannot be, varied by any parol evidence; and that the plaintiff must be deemed the owner of a moiety of the ship only, there being no document, contract, or writing, which in any shape controls the ordinary presumption of ownership, arising upon the bill of sale. Motion overruled.