The opinion of the Court was afterward drawn up by
Parker C. J.
It is objected that the plaintiffs had no insurable interest in the property on board the vessel; and if they had, that the interest not being property, it could not be insured as such. And the reason assigned is, that their inter est was only in the compensation for carrying the cargo which, if insurable, should have been insured as freight.
We agree that freight cannot be insured under the name of property, but we think the contract by which the insured undertook to carry the cargo, gave them an interest in that cargo, different from freight, and well coming within the term property. The plaintiffs were to take a cargo of lumber on board and transport it to Porto Rico, for which they were to have in lieu of freight, three fifths of the lumber. Now we think that on the lading of the lumber at Wilmington, the plaintiffs became entitled to a proportion of it under the con *279 eraot; they had an interest in the cargo itself; so that upon its arrival at Porto Rico, their right to three fifths became absolute. How was the right defeated ? Only by the perils of the sea, which were insured against. Hughes, the latest English writer on insurance, says (p. 30), that “to be interested is to be sivuated, in regard to the thing insured, so as to have benefit from its existence or prejudice from its destruction. ” Nothing could better come within this definition than the inter est which these plaintiffs had.
Again, the same writer says, “ in general, an insurable interest must be either a right of property, or a right derivable out of some contract concerning the thing insured.” This too meets the case of the plaintiffs, who by virtue of the contract concerning the lumber had an interest in it.
They had then an insurable interest. Was it property t They had property in three fifths, as much as the owners of the cargo had in the residue. It is said however, that it depended on the contingency of the vessel’s arriving at Porto Rico ; but it was, nevertheless, property, subject to be defeated by the not happening of the contingency. While on the voyage, it was their property, secured by the policy which was to protect them from the contingency which would defeat it. It was not necessary to state the kind of property, unless asked ; as was decided in the case of Locke v. North Am. Ins. Co. 13 Mass. R. 61.
We think the plaintiffs are entitled to recover for their proportion of the value of the lumber described in the bill of lading, but not or the freight payable in money upon the other articles