Parker C. J.
delivered the opinion of the Court. We are of opinion that the proof of property in the vessel insured is sufficient. Holmes, being the owner of one half, could transfer by a contract to sell, accompanied with possession in the purchasers. When he was admitted into the partnership, his moiety of the vessel was turned into the common stock ; the entry in the books of the firm was, between Holmes and his partners, a sufficient transfer ; and the accounts kept of the proceeds of the vessel and of the repairs, prove a use and possession by them, which is at least equivalent to a formal delivery at the time of the transfer.
The fact of the apparent ownership from the documents in the customhouse, and the new register in the names of Hibbert and Holmes after the transfer to the company, do not affect the question of property, unless the sale should be contested by a creditor of Holmes ; and then they might be prima facie evidence that the property was his.[1] We do not find, that a bill of sale or other instrument in writing or under seal is essential to the transfer of a ship, more than of any other chattel. Such a document may be required in the admiralty courts , but we are not aware that the principle has been introduced into the common law. The cases of Lamb v. Durant, and Taggard v. Loring, in our own Reports, establish a contrary doctrine. We think a bargain, a consideration paid and a delivery, *92 will pass the property from one to another, in a ship or othei vessel. Inconveniences may arise in foreign countries and in the customhouse, from the want of a bill of sale; but the transfer is good between the parties.[1]
Then the question remains, whether the plaintiffs were bound to state their title to the underwriters. This point has been settled in the case of Locke v. The North American Ins. Co. 13 Mass. R. 61; in which, after an examination of the authorities, the Court came to the result, that the special nature of the title need not be disclosed unless asked for.[2]
In this case, there would have been no difficulty in the abandonment. Holmes was the registered owner of one ha'ff; he was one of the insured ; he could not deny the joint interest of his partners, having made his moiety a part of the partnership stock ; and an abandonment by the partners would have transferred the moiety to the underwriters.
The log-book of a former voyage was inadmissible as evidence in this case, as it is a document only for that voyage to which it relates. To use it in the present case, would be altogether improper, as it is unsupported by testimony, and in truth is a journal of proceedings affecting other interests and other parties.

Judgment according to verdict.

 See 2 Phillips on Ins. 36, 37,38) Ring v. Franklin, 2 Hall. (New York,) 1.

 See 2 Phillips on Ins. 31, 32; Old v. Eagle Ins. Co., 4 Mason, 390.

 See 2 Phillips on Ins. 81, 82; Ring v. Franklin 2 Hall, (New York,) 1