# SUPREME JUDICIAL COURT

### FOR THE

## COUNTIES OF SUFFOLK AND NANTUCKET, MARCH
## TERM 1835, AT BOSTON.

---

PRESENT:

Hon. LEMUEL SHAW, Chief Justice,
Hon. SAMUEL PUTNAM, ⎫
Hon. SAMUEL S. WILDE, ⎬ Justices.
Hon. MARCUS MORTON, ⎭

---

## Franklin Clark *versus* The Ocean Insurance Company.

The plaintiff chartered a ship for a voyage from Robbinstown, Maine, to Trinidad de Cuba, and back to the United States, for which he was to pay the owner 750 dollars at Trinidad, and 750 dollars on her return. A cargo was put on board at Robbinstown by a stranger, the freight for which, amounting to 1003 dollars, was to be paid to the plaintiff at Trinidad. The plaintiff effected insurance of 1000 *on freight* on board the ship at and from Robbinstown to Trinidad and at and from thence to the United States, and 500 *on freight* at and from Trinidad to the United States, the freight being valued at 1500 dollars. The ship was lost on her outward passage, so that nothing became due from the plaintiff to the owner. It was *held*, that the plaintiff had an insurable interest ; that it was protected by the terms of the policy; and that if the valuation was fairly made by the parties, with a full knowledge of the material facts, the plaintiff was entitled to recover 1000 dollars, pursuant to the valuation, but if the valuation was evasive and a cover for a wager, it should be set aside and the plaintiff should recover according to his actual interest.

Assumpsit on a policy, dated February 9, 1831, by which the defendants insured the plaintiff, for whom it might concern, 000 dollars on freight on board the brig Broome, at and from

Robbinstown, Maine, to Trinidad de Cuba, and at and from thence to a port of discharge in the United States; also 500 dollars on freight on board the brig at and from Trinadad de Cuba to a port of discharge in the United States; the freight valued at 1500 dollars.

In a statement of facts it was agreed, that the vessel was owned by one Woods, and that by a charter-party, dated December 29, 1830, he had chartered her to Clark for the voyage. By the charter-party, Clark was to pay 750 dollars at Trinidad de Cuba, and 750 dollars at her port of discharge in the United States.

The vessel sailed from Robbinstown with a full cargo, shipped by one Galvin on account and risk of I. and S. Jenney, of Boston, deliverable to their order, and by their in dorsement, dated March 9, 1831, made deliverable to th plaintiff, the freight being 1003 dollars, which was made payable to the master.

I. and S. Jenney effected insurance on cargo or property, under deck, 1650 dollars, and on deck, 350 dollars, by a policy dated March 2, 1831. The defendants insured Woods, by a policy dated March 10, 1831, 1000 dollars on freight, knowing him to be the owner of the brig.

The vessel was lost by the perils of the seas, while on her outward voyage, and before arriving at any port.

The plaintiff never paid Woods any part of the charter money, it not being considered as due.

The defendants never returned or tendered to the plaintiff the premium paid by him; and they denied their liability to pay any thing, upon this statement of facts.

If the plaintiff was entitled to recover, judgment was to be rendered in his favor for such amount as the Court should adjudge to be due. If the Court should be of opinion, that the fact, whether or not the defendants, when they underwrote the policy, knew by information from the plaintiff at the time or otherwise, that he was not the general owner, but the charterer merely, was material, that question was to be submitted to a jury.

March 18th.
1834.

C. G. Loring, for the plaintiff, contended that the plain tiff had an insurable interest: Oliver v. Greene, 3 Mass. P

33 ; *Bartlett* v. *Walter*, 13 Mass. R. 267 ; 1 Phililps on Ins 26, 51, 54, 73 ; *Higginson* v. *Dall*, 13 Mass. R. 96 ; *Strong* v. *Manufacturers' Ins. Co.* 10 Pick. 40 ; *Crowley* v. *Cohen*, 3 Barn. & Adolph. 478 ; *Carruthers* v. *Shedden*, 6 Taunt. 14 ; *Sansom* v. *Ball*, 4 Dallas, 459 ; *Columbian Ins. Co.* v. *Lawrence*, 2 Peters's Sup. C. Rep. 25; Hughes on Ins. 40 ; that this interest was insurable under the word *freight ; Locke* v. *North American Ins. Co.* 13 Mass. R. 61 ; *Alston* v. *Campbell*, 4 Bro. P. C. (2d edit.) 476 ; *Flint* v. *Flemyng*, 1 Barn. & Adolph. 45 ; and that the plaintiff was entitled to recover 1000 dollars, according to the valuation in the policy, *Alsop* v. *Commercial Ins. Co.* 1 Sumner, 451 ; 1 Phillips on Ins. 306, 307.

*J. Pickering* and *A. Peabody*, for the defendants, argued that a party who effects insurance upon freight is presumed to be the owner of the vessel, and that the plaintiff's interest (if any) was not properly described in the policy ; Beawes's *Lex Merc.* 133 ; *Forbes* v. *Aspinall*, 13 East, 325 ; *Riley* v. *Delafield*, 7 Johns. R. 522 ; *Cheriot* v. *Barker*, 2 Johns. R. 346 ; *Ohl* v. *Eagle Ins. Co.* 4 Mason, 390 ; *Wolcott* v. *Eagle Ins. Co.* 4 Pick. 429 ; *Robbins* v. *New York Ins. Co.* 1 Hall, (New York,) 325 ; *Mellen* v. *National Ins. Co.* 1 Hall, (New York,) 452 ; *Manfield* v. *Maitland*, 4 Barn. & Ald. 582 ; *Griggs* v. *Austin*, 3 Pick. 20 ; 1 Emerig. 223. Whether the defendants knew that the plaintiff was not the owner but the charterer only, is not material and cannot be proved by parol evidence. *Cheriot* v. *Barker*, 2 Johns. R 346 ; *Mellen* v. *National Ins. Co.* 1 Hall, (New York,) 452.

PUTNAM J. delivered the opinion of the Court. The questions which arise in this case are, 1. Whether the plaintiff had any insurable interest as freight ; and if he had, 2. Whether he shall recover according to the valuation in the policy, or only according to the amount of his interest proved.

*March* 16th 1835.

As to the first, whether the plaintiff had any insurable interest, it is to be remarked, that the policy is upon freight on board the brig Broome for the voyage described in the policy. But the plaintiff was not the owner of the vessel. She belonged to Samuel Woods, who had let her to hire or chartered her to the plaintiff. And if the vessel performed the

voyage, then the plaintiff was to pay for the use of her ; if she did not, then the plaintiff was not liable   The vessel sailed at the risk of Woods, the owner, and the liability of the plaintiff to pay freight or the hire was contingent, and depended upon the event of the true performance of the voyage and fulfilment of the terms of the charter-party on the part of the owner.

If the freight which the plaintiff would have realized in case the voyage had been performed, had been just the amount which he had stipulated to pay to the owner, then the plaintiff would not have been a gainer ; and if the vessel were lost by the perils assumed by the owner, then the plaintiff would not have been a loser.  So that it is quite clear that the plaintiff was not interested, in the case supposed, either in the loss, or in the safe arrival of the vessel.  If the case stopped here, it would be very clear that the policy should be delivered up, and the plaintiff would be entitled to recover back the premium.  *Mellen et al.* v. *National Ins. Co.* 1 Hall, (New York,) 452.  But the case finds that if the vessel had performed her outward voyage, the plaintiff would have been entitled to receive from I. and S. Jenney $253 more than he would have been liable to pay for the hire of the vessel for the outward voyage.  He would have received from them $1003.  He would have been liable to pay at Trinidad de Cuba $750.  It is clear therefore that the plaintiff had an interest to the extent of that balance, in the outward voyage.

We are now to consider whether that interest was properly described as freight.

The defendants contend that the particular interest which the plaintiff had (if any) should have been set forth.  And we are referred to the case of *Cheriot* v. *Barker*, 2 Johns. R. 346, as supporting that position.  That was a policy upon two thirds of the freight on board the schooner Mars, from Jeremie to New York, valued at $1800.  The Mars was chartered by the plaintiff for a voyage from New York to Jeremie and back, for $2400.  And it was agreed that $1650 should be paid by the plaintiff in 60 days after notice of her arrival at Jeremie, and the rest on her arrival at New York

Clark<br>v.<br>Ocean<br>Ins. Co.

She performed the outward voyage and the plaintiff paid the $1650. She was captured on her homeward voyage There is no doubt what interest the parties intended should be insured, if the case states the facts truly. It was the amount which the plaintiff had paid for the freight from New York to Jeremie. And the case finds that the insurers knew all the facts. How far it was fair for them to resort to a strict legal defence, was for tnem and not for the court to decide. The court held the parties to the description of the subject matter of the insurance as it appeared in the policy, and refused to permit the plaintiff to prove by parol, that by *freight* the parties understood and intended freight *earned*. And it is very clear that the plaintiff had no interest in freight from Jeremie to New York. He was to pay, and not to receive freight for that part of the voyage, if the vessel should perform it, and the risk of the freight for that part of the voyage was upon the owner, and not upon the freighter. The vessel had earned freight from New York to Jeremie, and the plaintiff had received the benefit of the transportation of his goods so far, and had paid the owner for it. If he had paid his money for any other thing, ship or cargo, for example, which might have been lost on her return voyage, he might with as much accuracy have described it as freight, as he could so describe the money paid for the transportation of his goods on the outward voyage. It was money which the plaintiff paid to the owner for freight which he had earned. Whereas the description of the interest in the policy was of freight generally ; which in mercantile law is understood to be the hire or compensation which the owner of the ship would be entitled to receive for the carriage of the plaintiff's goods. The plaintiff had no such interest. He was to pay, and not to receive freight, if the ship arrived. If she were lost, he had nothing to pay.

In *Sansom v. Ball*, 4 Dallas, 459, it was held, that the price paid for three eighths of the tonnage of a ship for a voyage, might be recovered on a policy describing the interest as *freight advanced*. The court however seem to ground their opinion upon the usage, as proved by Mr. Fitzsimmons, who was a very eminent merchant. Strictly considered, the money

advanced and paid for the hire of a vessel for a voyage, or a term of years, is no more to be considered as freight, than the money paid for the absolute property in a ship would be. The merchant who had hired or chartered the vessel, would, during the continuance of the contract, have the same right to use or employ her, as if he were the absolute owner. In such case the merchant would be in a condition to earn freight by the employment of the ship, but nobody would suppose that the compensation paid and advanced for the use of the vessel, or the price paid for the vessel itself, would fall within the usual mercantile meaning of freight.

Accordingly, in *Oliver* v. *Greene*, 3 Mass. R. 133, it was held, that a part owner of a vessel, who had chartered the remainder, with a covenant to pay the value of the part chartered, in case of loss, might insure the whole ship. For he was the absolute owner as to part, and the qualified owner as to the rest, in virtue of his contract of charter-party. A party under those circumstances might, in the absence of fraud or concealment, insure the ship and the freight also to arise from her employment.

It is certainly true, as is contended for the defendants, that freight belongs to the owner of the ship. But a merchant who has chartered a ship may set her up as a general freighting ship, and he would stand as owner, *pro hac vice*, in relation to those who should load her. He would assume the risk of the dangers of the seas in respect to them, just as the original or absolute owner had assumed the risks in respect to him. If the merchant had agreed to pay one thousand dollars for the hire, and was to have two thousand dollars from those who loaded her under and by his permission, it would be very clear that he had one thousand dollars at his own risk in case of the loss of the ship.

Now the plaintiff in the case at bar, in virtue of the charter-party between him and Woods, had as perfect a right to the enjoyment of the ship for the voyage, as if he had been the absolute owner. Under those circumstances he entered into a lawful contract with I. and S. Jenney to carry their goods from Robbinstown to Trinidad de Cuba for a freight to be paid by them, and the plaintiff assumed the risk of the danger

ot the seas, &c.   So far therefore as it regarded the plaintiff and I. and S. Jenney, the plaintiff was the owner and they were the freighters.   As between those parties, freight *eo nomine* was payable by I. and S. Jenney to the plaintiff, and might be described as such.   And the plaintiff should recover, *in case of loss*, according to the valuation, or according to the interest actually proved.

We are now to consider whether the judgment should be for the one or the other.

The general rule is, that if the insured has some interest, and the valuation is fair, and made with a view to an indemnity and not for a wager, the court will not open it or set it aside on account of an over-estimate of the interest at risk. It is obvious, that if that were not the rule, so much of the law of insurance as relates to the valuation of the subject matter of the policy, would be annulled ; and the court would be employed in making and substituting new contracts between the parties which they did not make, instead of adjudicating upon the agreements which they did make.

But the rule must have a reasonable construction.   It must appear that the valuation was founded upon the interest which the insured actually had at risk.   As in the case of *Forbes* v. *Aspinall*, 13 East, 323, where the valuation was intended to apply to freight for a whole cargo, but was opened because only part of what was intended to be loaded had been put on board.   Where however the value of the subject matter was uncertain, and all that was contemplated was at risk, the court would not set aside the valuation, although it exceeded by two thirds, the actual value.   *Coolidge* v. *Gloucester Marine Ins. Co.* 15 Mass. R. 394.   So where upon the front of the transaction no reasonable proportion existed between the amount of the valuation and the property at risk, as in the case put by Lord *Mansfield*, of an interest to the value of a cable, valued at £2000, it would be set aside as a fraud upon the law of insurance.   And if the valuation were intended to apply to property on board as cargo or freight, which was not particularly described, and which was not insurable without a particular designation, as to property on deck, or to live animals, the valuation would be set aside as having been made by mistake.   *Wolcott* v. *The Eagle Ins. Co.* 4 Pick. 429.

Now we think there is great reason to believe, that the valuation in the case at bar was founded upon the gross amount which the plaintiff would have been liable to pay to Woods, the owner, if the voyage had been performed, and not upon the excess or amount which the plaintiff would have received or realized over and above the sum agreed to be paid for the hire of the vessel. And if the jury should find the fact to be so, the law would set aside the valuation as having been made by mistake.

Again, the valuation, if founded upon the amount of property or interest which the plaintiff calculated to make by the employment of the vessel, over and above the agreed amount of freight to be paid, might be fair, or evasive, and a cover for a wager. We have judicially no means to determine the question. We cannot know but that the plaintiff had some fair expectation of profit, either by employing the ship himself or letting her out to others, which would have justified the valuation. He might well insure that profit under the name of freight, whether it accrued from the price paid to him for carrying the goods of others, or from the additional value conferred on his own goods by the carriage. *Crowley* v. *Cohen*, 3 Barn. & Adolph. 478 ; *Flint* v. *Flemyng*, 1 Barn. & Adolph. 48. There was a gain on the outward voyage. It might have turned out, that if the ship had performed her whole voyage, the plaintiff would have realized at the end of it, twice as much as he agreed to pay for the use of the ship. If the jury should find that the valuation was fairly made by the parties, with a full knowledge of all the material facts and circumstances, the Court should establish it ; if, on the other hand, the jury should find that it was evasive and a cover for a wager, we should set it aside, and the judgment would be for the plaintiff according to his real interest proved.

The agreement of facts is discharged, and the cause is to be submitted to a jury, who are to be directed upon the trial according to this decision.

If the valuation should not be opened, the plaintiff should recover $1000 ; otherwise, for the real amount of the interest proved.