Anderson vs. The State.

## ANDERSON VS. THE STATE.

1. CRIMINAL LAW — PRACTICE. — Before the accused can be put upon his trial, he must be arraigned and plead to the indictment; or, if he stands mute, a plea of not guilty must be entered.

2. SAME. — When the accused, on being brought before the court, without being arraigned or pleading to the indictment, procured the case to be set down for trial on a given day, and on that day appeared with his counsel and proceeded to trial, the clerk, while the trial was progressing, entering upon his minutes that the cause was at issue; after a verdict of guilty: *Held,* that the conviction could not be sustained, and that the failure to arraign the prisoner and require him to plead was a fatal error, and not waived by his getting the case set down and proceeding to trial and verdict.

ERROR to the Circuit Court for *Milwaukee* County.

The plaintiff in error was indicted for larceny, and was convicted and sentenced, after which he sued out a writ of error upon grounds stated in the opinion of the court.

*Smith & Palmer*, for plaintiff in error.
*S. Park Coon*, Attorney General, for the state.

JACKSON, J.　It is a general rule, applicable to all indictments, that before a party who is indicted shall be put upon his trial, he must be arraigned and plead to the indictment. Arch. C. L., 114.　If the defendant stands mute and refuses to plead, the court will direct a plea of not guilty to be entered, whereupon the trial may proceed in the same manner as if he had pleaded in person.　Whart. Crim. Law, 134; R. S., ch. 146, sec. 11.　In the arraignment of a prisoner, greater strictness and formality are usually observed in felonies, and especially in capital felonies, than in misdemeanors.　In all cases, however, there must be an appearance and an issue joined.

The record certified to this court discloses these facts: That the defendant, after his arrest, came into court with his counsel, and moved the court to have the cause set down for trial on a given day, which motion was granted; that on the day so fixed for trial, the defendant, together with his counsel, appeared in court, and a jury was impaneled, and the cause proceeded to trial.　On behalf of the defendant, a defense was interposed, and the jury, after deliberating upon the matters submitted to them, returned a verdict of guilty.　But at no time was the defendant arraigned upon the indictment, nor was it read to him, nor was any plea entered thereto; although the clerk, while the trial was progressing, entered upon his minutes that the cause was at issue.　The jury having found the defendant guilty, his counsel moved the court to arrest the judgment for the following reason: "That the said defendant was not arraigned before the trial, and did not have the said indictment read to him, and was not asked whether he was guilty or not guilty, and did not plead to the said indictment, and no issue was formed between the state and the said *Anderson* for the jury to try."　This motion was overruled by the court, and

judgment was pronounced. It is now sought to reverse this judgment. The defendant in this case neither pleaded *viva voce* at the bar, as is the correct practice in all prosecutions for felony, nor was any plea entered for him by his counsel.

Nothing appears upon the record to show what was the issue tried by the jury. In fact, no issue was joined upon the indictment. This is an error which cannot be regarded either as waived by the trial or cured by the verdict. 9 Leigh., 623 ; 3 Mass., 133 ; 1 Ala., 635. There was, therefore, no legal trial. The mere entry by the clerk, upon his minutes, after the jury had been impaneled and while the trial was progressing, that "issue was joined," does not amount to or answer the purpose of a plea, or satisfy the requirements of the law.

We must, for these reasons, hold the conviction invalid and reverse the judgment. The cause must be remanded to the circuit court for further action.

Judgment reversed.