MERCHANTS' INSURANCE CO. V. WHITFIELD SCOTT.

(Case No. 3538.)

'1. INSURANCE — PLEADINGS.— In a suit on a fire insurance policy by the administrator of the party taking out the insurance, the additional allegation, where the petition sets out a good cause of action, that the plaintiff had, after the loss, transferred the policy to another, and submitting to the court "that if it shall be decided your petitioner did not have authority, as administrator of said estate, to make such sale and transfer of said policy, that judgment shall be rendered for plaintiff as administrator; but that, if judgment can be rendered for Carothers, that it may be rendered for him," did not render invalid the otherwise sufficient allegation of the plaintiff's cause of action.

2. ASSIGNING POLICY OF INSURANCE.— An assignment of a fire insurance policy after a loss has occurred will not vitiate the policy. Wood on Ins., 559, 575; Carter v. Humboldt Ins. Co., 12 Iowa, 287.

3. SALE OF INSURED PROPERTY.— The sale of the property insured will not invalidate the policy thereon, if the insured at the time of the loss still had an insurable interest therein as a lien for unpaid purchase money, or otherwise holds such relation to the property that its destruction by the peril insured against involves pecuniary loss to him. West v. The Citizens' Ins. Co., 27 Ohio St., 1; Jackson v. Palmer, 52 Tex., 427; Jackson v. Æ na Ins. Co., 16 B. Mon. (Ky.), 242; Wood on Ins., 481; Oliver v. Green, 3 Mass., 133; May on Ins., 76.

ERROR from McLennan. Tried below before the Hon. X. B. Sanders.

The defendant in error brought suit, as administrator of the estate of Salina H. Gill, deceased, to the December term, McLennan county, 1875, by petition filed November, 26, 1875, based on a policy of fire insurance written by plaintiff in error. After averring the terms of the contract, defendant alleges the total destruction of the property covered by the policy, by fire, on or about May 18, 1875. That subsequent to said loss, and after failure of plaintiff to pay said loss, he transferred said policy of insurance to A. J. Carothers. The prayer of the petition is for judgment to A. J. Carothers, his vendee, if proper, for the amount of the policy, he having sold the property to Carothers before the loss, but if not, then for himself, as administrator.

Plaintiff in error answered by general demurrer, general denial, and specially "that the policy was void because the property insured had been sold to Carothers before the loss, and without the consent of the plaintiff in error."

Defendant in error demurred generally to plaintiff's special answer.

The court below overruled the general demurrer of plaintiff in error to the petition of defendant in error, except as to the ability of Carothers to take judgment, but sustained general demurrer of defendant in error to plaintiff's special answer, and gave judgment for Scott, defendant in error, in the full amount of the policy. Plaintiff in error excepted and gave notice of appeal.

The errors assigned are:

1. The court erred in not sustaining the general demurrer of defendant.

2. In excluding as evidence the deed from plaintiff to A. J. Carothers.

3. In not allowing defendant to prove by A. J. Carothers that the policy of insurance upon which this suit is based was transferred to him by plaintiff before the loss of the premises.

4. In rendering judgment for the plaintiff.

*Herring, Anderson & Kelley,* for plaintiff in error.

*McKenney, Buck & Carothers,* for defendant in error.

QUINAN, J.— 1. There was no error in the ruling of the court upon the plaintiff's general demurrer. The petition set out a good cause of action in Scott, administrator. It averred the making of the policy, the loss by fire, the insurable interest of plaintiff in the property, presentation of the proper proofs to the insurance company, and the refusal to pay. The additional averments that the suit was brought for the use of Carothers, and that after the loss the plaintiff had transferred the policy to him, and submitting to the court "that if it should be decided your petitioner did not have authority as administrator of said estate to make such sale

and transfer of said policy, that judgment shall be rendered for plaintiff as administrator; but that if judgment could be rendered for Carothers, that it might be rendered for him," did not render invalid the otherwise sufficient allegation of the plaintiff's cause of action. But if they had that effect the plaintiff would have been permitted to amend his pleadings. The demurrer of the defendant applied to whatever was defective or contradictory in the allegations of the petition, and the defendant cannot complain that in ruling upon his demurrer the objectionable averments of the petition were stricken out, and his demurrer so far sustained. The petition then remained as the suit of the administrator, for the benefit of the estate, and without any allegation whatever of transfer. The action of the court was certainly correct in holding that the transfer by the administrator without its authority was invalid.

The second and third assignments to the rejection of the testimony to prove the transfer of the policy and the property are alike untenable.

The defendant had filed a special answer, averring that the policy contained a stipulation as follows: "This policy is not assignable unless by consent of this corporation, manifested in writing; and in case of any transfer, either by sale or otherwise, without such consent, this policy shall from thenceforth be void and of no effect." And alleging that plaintiff had sold the property insured to A. J. Carothers; that all the insurable interest of Scott, administrator, had passed out of him, and that therefore the policy became void because the sale was not by defendant's consent, nor the policy assigned in writing by defendant's consent to A. J. Carothers.

To this special answer the plaintiff demurred, and his demurrer was sustained, and to this defendant excepted, but whether his exceptions were good in law or not we cannot inquire, as no error is assigned thereon.

The effect then of the judgment of the court on the pleadings of the defendant was that his only answer to the plaintiff's petition was the general denial.

And it is quite clear that in the absence of an allegation that the policy had been transferred, or that the property had been sold, there was no error in the refusal of the court to permit proof of these facts to be introduced.

But we need not rest our decision of the case upon this ground alone, for in our opinion the testimony, if admitted, could not have altered the result.

1. An assignment after a loss (and there is no allegation of any or attempt to assign before then), even had it been effectual, would not vitiate the policy. Wood on Ins., 559, 575; Carter v. Humboldt Ins. Co., 12 Iowa, 287.

2. The sale of the property, as shown by the proof offered, would not invalidate the policy, because it showed upon its face that the plaintiff still, at the time of the loss, had an insurable interest in the policy to some extent. The stipulation in the policy against sale or transfer refers to the policy only; it does not apply to a transfer of the property. West, Morris & Gorrill v. The Citizens' Ins. Co., 27 Ohio St., 71. So long as the insured retains some insurable interest in the property he would be entitled to recover in case of loss.

On the sale of the property insured, Scott took the notes of Carothers for the purchase money, which at the time of the loss were not due and were unpaid, and to secure the payment of the purchase money retained in the conveyance to Carothers the vendor's lien. It is well settled that the legal effect of this transaction was to make the contract executory, and that the superior title to the property remained in Scott, administrator, entitling him to recover possession upon the non-payment of the purchase money, even if the notes were barred. Jackson v. Palmer, 52 Tex., 427.

Where a lien for the price is retained upon the sale of the property the policy is not avoided, though, by its terms, "any change of title is prohibited." Jackson v. Ætna Ins. Co., 16 B. Mon. (Ky.), 242. The sale to have that effect must be one which terminates all interest of the vendor in the property. It is quite clear that Scott still retained an insurable interest in the lots, and one which he had no

power to divest the estate of, until payment of the money and by order of the court. Wood on Ins., 481.

So it has been held that an equitable interest in property is a valid insurable interest. Oliver *v.* Green, 3 Mass., 133. A mortgagee may insure the property. Wood on Ins., 483. And the general rule is stated to be: "It is not necessary that the assured should have either a legal or equitable interest, or indeed any property interest, in the subject-matter insured. It is enough if he holds such a relation to the property that its destruction by the peril insured against involves pecuniary loss to him or those for whom he acts." May on Ins., 76; Wood on Ins., 495.

The remaining assignment of error, it follows from what we have said, is not well taken.

There being no error in the judgment it will be affirmed.

AFFIRMED.