WENDOVER and HINTON *against* HOGEBOOM and others.

A regular bill of
sale is not es-
sential to trans-
fer the property
in a vessel, but
the same passes
by delivery, like
any other chat-
tel.
The law of the
United States,
requiring the re-
gister to be in-
serted in the
bill of sale, on
every transfer of
a vessel affects
only its charac-
ter and privi-
leges as an *Ame-
rican* vessel.

THIS was an action of *assumpsit*, for sails, &c. furnished by the plaintiffs, who are sailmakers, on the 6th *December*, 1806, for a vessel called the *Convention*, owned by the defendants. The sails were furnished by the plaintiffs, on the order of *A. Vosburgh*, the master. The ordinary term of credit was three months. It appeared from the custom-house books, that the defendants were owners of the vessel in 1804, and there was no change of the register, or any record of a transfer of the property by them, until in the autumn of 1807.

*Vosburgh* purchased the vessel of the defendants in 1805, and the vessel was delivered to him previous to the sale of the sails, by the plaintiffs. By an agreement between the defendants and *Vosburgh*, at the time of the sale of the vessel to him, the purchase-money was to be

paid in instalments, at different periods, and a formal bill of sale was not to be executed and delivered until the payments were completed; but the vessel was to be delivered immediately to *Vosburgh;* and was, in fact, delivered to him, at the time of the sale, for his sole and exclusive benefit, and he afterwards kept possession, and received all the freight and earnings of the vessel, to his own use. The consideration money was afterwards paid, according to the agreement; but the bill of sale was not executed until in the autumn of 1807, when *Vosburgh,* having sold the vessel to one *Gibbs,* applied to the defendants, and obtained a regular bill of sale from them to him; and he executed another bill of sale to *Gibbs.*

<em>NEW-YORK,<br>Nov. 1810.</em><br><br>WENDOVER<br>and HINTON<br>v<br>HOGEBOOM.

It appeared that the plaintiff sold the sails on a credit of 9 months; and after the expiration of the time, frequently applied to *Vosburgh* for payment, prior to bringing the present action. *Vosburgh* represented the vessel as his own, and obtained an extension of credit, on stating his inability to pay in a shorter time.

Under the direction of the judge, a verdict was found for the defendants.

A motion was made to set aside the verdict and for a new trial.

*J. T. Irving,* for the plaintiff, contended, that as no bill of sale was to be executed until the money was paid, it was not intended that the property should pass, until the payment. If the property was to revert in case of the non-payment at the time stipulated, then it cannot be said, that it was transferred by the delivery. As a vessel, if sold without a regular bill of sale, reciting the register, loses the privilege of an *American* vessel, in regard to duties; it is not to be presumed that *Vosburgh* could consent to purchase without a bill of sale. It was a mere contract for a future sale. He said that the case

NEW-YORK,
Nov. 1810.

WENDOVER
and HINTON
v.
HOGEBOOM.

of *Murgatroyd* v. *Crawford* (3 *Dallas*, 491.) was in point.

*Van Buren* and *T. A. Emmet* insisted, that there was a complete transfer of the property, by the contract and delivery; that a bill of sale is not essential, by the law of the *United States*, to the transfer of the property in the vessel, but the same passes by delivery. The law merely requires the register to be inserted in the bill of sale, in order to entitle the vessel to the privileges of an *American* ship; but this law applies only to registered vessels. Coasting or licensed vessels pass by delivery, like any other chattel; and the *Convention* was a coasting vessel. There was an absolute sale and delivery in this case.

But admitting the defendants were owners, there is sufficient evidence to show that the credit was given exclusively to *Vosburgh*;* and it was necessary for the plaintiff to prove, that *Vosburgh* was the agent of the defendants; that the relationship of master and owners subsisted between them;† or that he had authority to bind them.

* 1 *Stra.* 816. 1 *Term. Rep.* 108.

† 8 *East*, 10.

The case of *Murgatroyd* v. *Crawford* was, afterwards, overruled, in the case of *Duncanson* v. *M'Clure*,‡ and in *Murgatroyd* v. *M'Clure*,§ which related to the same ship.

‡ 4 *Dallas*, 314.
§ 4 *Dallas*, 342.

*Per Curiam.* The defendants are not liable. The property in the vessel was not in the defendants, when the plaintiffs sold the sails to the master. They had ceased to be owners. The credit was given to the master. The motion must, therefore, be denied.

Motion denied.