Martin, J.
delivered the opinion of the court* This case differs from ¡hat of Norris vs. Mumford, in a very material point. There, the cotton, the subject of the sale, was in New-Orleaus; and we held that, as the sale of it, if made in this city, would not divest the vendor *353 from his property, with resarcí to his it could not, though made in New York, affect the rights of the latter. As to them, the remained the property of the vendor, their debtor, tiil after a delivery to the vendee. A contrary decision would have given effect, in our own state, to the laws of another, to the injury of our own people. If A. and B. be partners, in Yew-Orieans, and C. purchases from A. a quantity of cotton, in the ware-house of the firm, wilt iiis right thereto, if he take instant possession of it, be affected by a sale made a few days before, by B. in Natchez or Mobile? Will not C. - e listened to, in his own state, when he shews that by the lex fori, that loci contractus, that the domicil of his vendors and his own, the sale and delivery vested the property?
In the present case the ship, the subject of the.sale? was at sea, was a New-York ship, and the vendors and vendee resident in New-York. If, therefore, according to the lex loci contractus, that of the domicil of both parties, the sale transfers the property, without a delivery, it did so eo insfanti, or not at all. In transferring it, it did not work any injury to the rights of the people of another country, it did not transfer the property of a thing, within the jurisdiction of another government.
*354 Tf two persons, in any couhtry, choose to bargain, as to the property which one of them has in a chattel, not within the jurisdiction of the place ; they cannot expect that the rights of persons, in the country in which the chattel is, will there be permitted to be affected by their contract. But, if the chattel be at sea, or in any other place, if any there be, in which the law of no particular country prevails the bargain will have its full effect eo instanti, as to the whole world; and the circumstance of the chattel being afterwards brought into a country, according to the laws of which the sale would be invalid, would not affect it.
The laws of another country, even of a sister state, are foreign laws, and foreign laws ought to be proven as facts. This court has so very , often indulged parties, in establishing any particular part of the common law of England as it prevails, it is believed, in every one of these states but this, by the production of books of reports and elementary works, that it would work great injustice, if we rigidly refused to listen to the counsel in this respect* because the part of the common law invoked makes no part of the statemeni of facts. Neither of the counsel require it, and both are willing we should pronounce on the evidence of that law, which they have presented.
*355 There is not the least room to doubt that the . ⅛ • . - . . * . interest oi the vendors m the ship passed to the vendee, under the principles of the common la>,v of England, as they are understood by the supreme court of the state of Massachusetts, and the circuit court of the United States for that district. In a case perfectly similar, in every respect, to that under our consideration, the supreme court of Massachusetts determined that the bona jide conveyance of a vessel and cargo, by deed, to secure the payment of money, the vessel being abroad, at the time of the sale, is valid against creditors ; provided the vendee takes possession of her without delay, upon iter return : and there is no difference between the grand bill of sale, used in England, for the Conveyance of vessels, and the bills of sale used in this country. Portland Bank vs. Stacy & al. 4 Mass. T. R. 661.
But, the plaintiffs’ counsel contends that the above case is in direct opposition to the decisions of this court ? Is it strange that the judgments of two courts, deciding according to different systems of laws, should be dissimilar?
Further, it is urged that the decisions of the supreme court of Massachusetts are evidence of the laws of that state, but not of those of .\ew-TTrirk. * It is admitted that thy common law of England prevails in noth those slates.
*356 The supreme cqurt of the state of New York bolus tuat a regular bill of sale is not absolute ]y necessary to transfer the property of a vessel, that it passes by delivery like another chattel. Wendover & al. vs. Hogeboon & al. 7 Johns. 308.
Judge Story, in Meeker & al. vs. Wilson, says that, by the common law of England, a grant or assignment of goods and chattels is valid between the parties, without actual delivery, and the property passes immediately upon the execution of the need : but, as to creditors, the title is not considered as perfect, unless possession accompanies he deed. 1 Gallison, 323. This is the principle, which has regulated this court in the decisions cited at the bar. But, the learned judge continues : an exception to the rule is, where tiie possession of the grantor is consistent with the deed, or where the property conveyed is, at the time of the conveyance, abroad and incapable of delivery. In the latter case, the title is complete, provided the grantee takes possession, in a reasonable lime, after the property comes within his reach.
The laws of Louisiana do not, it is true, recognize the last exception. Property does not pass here by contracts, but by delivery : tradi-ti nib ns, non pactis. If the ship had been within the state, at the time of the sate, the rule *357 in Norris vs. Mumford would have regulated the decision of this court: but. as at that time she was not within the state, the sale ought not to be tested by our laws. It must be by those loci co tract us, against which those of no other country ought to prevail.
Farther, ihere seems to be great weight in the posit on that no delivery cast take place of an undivided part of a chattel, not susceptible of division.
The case cannot be distinguished from that in Massachusetts, ar.d from the evidence adduced to us, from which we are to determine what is the rule of the common law of Kug-land, we conclude that the district court did not err, in sustaining the claim.
It is, therefore, ordered, adjudged and decreed that the judgment of the district court be affirmed with costs.