## SUPREME COURT.

JAMES MEYER, JR., respondent agt. JACOB GOEDEL, appellant.

Where a cause, in which there are different *counts* or *causes of action*, is brought
to trial, and evidence is given by the plaintiff affecting all the causes of action,
at the close of which, the defendant moves for a *non-suit* as to one of the sepa-
rate causes of action, the granting such non-suit and continuing the action as
to the other causes, is of *doubtful propriety*.

It leaves all the evidence relating to that branch of the case before the jury ; while
the defendant, by the non-suit, may suppose the testimony on that subject
immaterial and omitted to contradict or explain it.   He however, has a remedy,
by moving the court to strike out the testimony relating to that branch of the
case.

If the defendant does not take this course, he cannot take a valid *exception* to the
permission of the opposite counsel being allowed to comment on such testimony
to the jury ; as the evidence was properly taken in the case and had not been
stricken out, the fact of the declaration of the judge that he did not consider
this cause of action sustained, did not have the effect to remove the evidence
from the case.

The refusal of the judge to open the case and admit evidence, after the summing
up to the jury was through, is no proper ground of *exception*.   Neither would

the admission of evidence, under such circumstances be considered a good ground of exception. In both respects it is a matter of *discretion* with the judge.

An *exception* will not lie to the declaration of the judge to the defendant's counsel, that in his opinion it is unnecessary to examine witnesses for the defense, and the jury find for the plaintiff.

An *exception* will not lie to the refusal of the judge to recall and re-examine a witness as to certain facts which counsel alleges the judges has incorrectly stated in his recapitulation to the jury.

An *exception* will not lie to a permission or refusal of the judge to recall a witness for re-examination, after his examination has been finished.

An *exception* will not lie to the refusal of the judge to receive new evidence offered by counsel after he has rested. All these cases are within the *discretion* of the judge, and are not reviewable.

It is a well settled principle of law, that in an action for *fraudulent representations*, other cotemporaneous acts of fraud of a *similar character*, may be given in evidence for such a cause. And where such evidence is before the jury, although the particular cause of action in which it was given has been *dismissed*, it is not error in the judge, in charging the jury, to say that they may take such evidence into consideration.

*New York General Term November*, 1865.

*Before* INGRAHAM, *P. J.*, LEONARD *and* BARNARD, *Justices*.

THE plaintiff sued the defendant to recover from him damages for fraud alleged to have been committed in the sale of certain stocks by the defendant to the plaintiff. There were two sales, one of stock in the New York and Richmond Coal Company, and the other of an interest in the Cumberland Saltpetre Company. Two causes of action were stated in the complaint, one in regard to the sale of the coal stock, and one in regard to the interest in the saltpetre company. Upon the trial, evidence was offered by the plaintiff as to each transaction and received by the court without objection.

When the plaintiff rested, the defendant moved for a dismissal of the complaint as to the second cause of action, relating to the interest in the saltpetre company, on the ground that there was no proof to support that cause of action. The court said it did not think there was any evidence to support this count, and granted the motion.

A motion was then made to dismiss the complaint as to the first count, which was denied.

The plaintiff's counsel, on the summing up, referred to the evidence which had been given in regard to the interest in the saltpetre company, and claimed that the jury had a right

to consider the same as acts of a similar character, with a view of proving the criminal intent of the party charged. This was objected to by the defendant's counsel and overruled, and the defendant excepted. The defendant's counsel then offered to prove that in the matter relating to the saltpetre company the defendant committed no fraud. This offer was refused, and defendant excepted.

The court charged the jury, that in actions of this character, acts of a similar character, if done at or about the same time, may be given in evidence, with a view of proving the criminal intent of the party charged, and that the jury had a right to consider the representation in regard to the saltpetre company, in connection with the others. To this charge the defendant excepted.

WM. WARE PECK, *attorney, and*
JOHN VAN BUREN, *counsel for defendant, appellant.*
BOWDOIN, LAROCQUE & BARLOW, *attorneys, and*
JEREMIAH LAROCQUE, *counsel for plaintiff, respondent.*

*First.* The defendant's counsel having very properly given up the struggle on the facts as hopeless, by omitting to move for a new trial at the special term, nothing remains open on this appeal, except to consider the exceptions taken to the rulings of the learned judge on the trial.

*Second.* The defendant's motion for a dismissal of the first cause of action was properly denied. No cause was assigned for it beyond that urged as a ground for the dismissal of the second, which clearly was not applicable to the first, even if it was properly granted as to the other, which it is respectfully submitted that it was not. (*Exceptions, fol.* 275 ; *see Conkey* agt. *Bond,* 34 *Barb.* 276, *in which Mr. Justice* ALLEN, *who tried this cause, dissented, and cases cited ; Maurice* agt. *Gould, MS. Superior Court, per* ROBERTSON, *Ch J.*)

*Third.* The several exceptions taken on the part of the defendant to the overruling of questions calling for the judgmedt and opinions of witnesses are untenable.

*Fourth.* The exception of the defendant's counsel, " to so

Meyer agt. Goedel.

much of the charge as holds, in compliance with the request of the plaintiff, that the evidence in regard to the Cumberland Saltpetre Company may be taken into consideration on the question of intent as to the transfer set up in the first count " was not well taken.

1. That request was in these words : " That upon the question of intent with which the representations as to the Richmond Coal Company stock were made, the jury have a right to take into account the evidence as to the representations made as to the Cumberland Saltpetre Company interest, which the defendant proposed to sell to the plaintiff at about the same time, and the evidence as to their truth or falsity."

2. This request was replied to by the learned judge in his charge to the jury, as follows : " The rule of law and the decisions, I think, are not different from that here laid down by Mr. Larocque, in actions of fraud. In an action of this character, where the intent of the party charged is in issue, acts of a similar character, if done at or about the same time, may be given in evidence, with a view of proving the criminal intent of the party charged. In regard to this saltpetre company, however, it is fair to remark, that the evidence was not given or received with that view, and not expressed as so given, until the summing up, though not by any unfairness on the part of any one ; but if there were any misrepresentations proved, although I thought there were none, and nonsuited for that reason, still that question, so far as it bears upon this, is before you ; but it is due to the defendant to say, that possibly had the evidence been offered and given, or received with a view to affect and operate upon the Richmond coal stock transactions, other evidence would have been given in contradiction. It is for you to say what effect the evidence would have upon the transaction."

3. That this, under the decisions, was correct in point of law, is almost too clear for discussion. The present is, in fact, the strongest case ever presented for the application of the rule, the representations being absolutely cotemporaneous, and made to the same person, and if also false, remov-

ing all reasonable doubt that they were made with the design to deceive and defraud, and not the result of mistake or accident. (*Hall* agt. *Naylor*, 18 *N. Y. R.* 588, *in court of appeals ; Allison* agt. *Matthews*, 3 *Johns.* 235; *Benham* agt. *Cary*, 11 *Wend.* 83 ; *Jackson* agt. *Timmerman*, 12 *Wend.* 299; *Cary* agt. *Hotailing*, 1 *Hill*, 311; *French* agt. *White*, 5 *Duer*, 254 ; *Van Kirk* agt. *Wilds*, 11 *Barb.* 520 ; *Fuller* agt. *Acker*, 1 *Hill*, 473 ; *Simmons* agt. *Fay*, 1 *E. D. Smith*, 107).

4. They were most tenderly and guardedly submitted to the jury, so as to prevent absolutely all prejudice to him, and to deaden their effect more than any further evidence that he could have given would have done.

5. That this was so, a very slight examination of the concurring testimony of two witnesses, whom the jury, through their verdict, declared that they did believe, at the same time that upon the square issue presented to them by the judge's charge they avowed their disbelief of the defendant, will satisfy the court. It is only necessary to compare Meyer and Schwarz with the defendant's sworn answer, where he denies making these representations, and avers that he was himself the owner and seller of the interest purchased by Mr. Meyer, in contradiction of the state of facts represented.

The judge states, in his charge, that the verified complaint and answer had been read in the hearing of the jury, and calls their attention to them, so that the defendant had the full benefit of his denial, without a cross-examination.

6. If, with a charge thus deliberately made and substantiated by evidence, the defendant preferred to seek its dismissal on technical grounds, rather than meet the issue on the trial, the inference is patent and irresistible, that he shrank from the ordeal of a cross-examination on this subject. His counsel will hardly wish or be permitted to claim that he did not know the law, and what effect it gave to this testimony in its bearing on the other charge. If he did not, his own client, and not the plaintiff, must bear the consequences.

*Fifth.* The highly dramatic scene which was performed in

the progress of the summing up on the part of the plaintiff, by defendant's counsel then rising, objecting to the comments made on the Cumberland saltpetre case, and for the first time tendering further evidence to rebut the testimony on the part of the plaintiff on that subject, undoubtedly had its effect, as intended, upon the jury, but furnished no basis to support the exception which was taken to the judges's refusal to reopen the cause.

It is strictly a matter of discretion on the part of a judge presiding at the trial, whether he will permit further evidence to be given under such circumstances, and no exception lies to his refusal. (*Alexander* agt. *Byron*, 2 *Johns. Cas.* 318; *Jackson* agt. *Talmadge*, 4 *Cow.* 450; *Stacy* agt. *Graham*, 3 *Duer*, 444; affirmed, *Court of Appeals*, 2 *Kern.* 492; *Matthews* agt. *Whitney*, 12 *Wend.* 396; *People* agt. *Rector*, 19 *Wend.* 569; *Kellogg* agt. *Kellogg*, 6 *Barb.* 116; *Burger* agt. *White*, 2 *Bosw.* 92.)

*By the court*, INGRAHAM, P. J. It is proper to remark that in this case no motion was made for a new trial upon the facts, or for any cause whatever arising upon the evidence, and we are here confined entirely to the exceptions taken upon the trial. First, to the refusal of the court to open the case after it had been summed up to the jury, for the purpose of admitting testimony to disprove any supposed fraud in the sale of the interest in the saltpetre company; and secondly, to the charge of the judge, that the jury might take the evidence in the case on that subject into consideration on the question of intent.

The propriety of the course adopted on the trial of nonsuiting, as to one count or cause of action in a complaint, and continuing the action as to the other, is at least of doubtful propriety. The result in this case shows its impropriety, and may work injustice to the party. In this case the granting such a motion left all the evidence in the cause relating to this branch of the case before the jury, while the defendant, by the dismissal, may have supposed the testimony on that subject immaterial and omitted to contradict

or explain it.   He had, however, a perfect remedy if he had
seen fit to apply it, viz : to move the court to strike out the
testimony relating to that branch of the case.   Such a
motion would have disclosed at once whether the plaintiff
intended to use that evidence as he afterwards claimed to
do, and he would have had an opportunity to offer any
rebutting testimony.   This he omitted to do.

So also he might, after the trial, have moved the court for
a new trial, on the ground of surprise, and might have
obtained relief in that form.

The first exception to the counsel being allowed to com-
ment on this evidence to the jury, is not well taken.   The
evidence was taken in the case and had not been stricken
out.   It was offered generally in the cause, and so received,
although applicable more especially to the second cause of
action.   There was no error in allowing the counsel to use
such evidence for the purpose stated, viz : to show the crimi-
nal intent of the defendant.   ·

The principle is too well settled to require the citation of
authorities to show that in an action for fraudulent misrep-
resentations, other cotemporaneous acts of fraud of a simi-
lar character may be given in evidence for such a cause.
The court could not properly prohibit the counsel from calling
the attention of the jury to any evidence before them, or
from using such evidence for this purpose.

The fact of the declaration of the judge, that he did not
consider this cause of action sustained, did not have the
effect to remove the evidence from the case, and I think he
committed no error in this ruling.

Nor did the judge err in refusing to open the case and
admit evidence after the summing up to the jury was through.
As before suggested, he might for that reason, if a proper
case of surprise had been shown, have granted a new trial
on terms, but that was in both respects a matter of discre-
tion with the judge, to which no exception can be taken.

His refusal to admit further evidence, has never so far, as
I recollect, been considered a good ground for excepting,
nor has the admission of evidence under such circumstances.

There are various cases to show that such is matter of discretion. Thus, where the court intimates to the defendant's counsel, that in his opinion it is unnecessary to examine witnesses for defense, and the jury found for plaintiff, a new trial was refused (*Beekman* agt. *Bemas* 7 *Cow.* 30) ; so, where the judge in recapitulating testimony was, as alleged by defendant's counsel, in error as to facts, his refusal to recall and examine the witness again, was held to be a matter of discretion, and not reviewable (*Shepard* agt. *Potter*, 4 *Hill*, 202). So a permission or refusal to recall a witness for re-examination, after his examination has been finished, is a matter of discretion not to be reviewed (*Meakim* agt. *Anderson*, 11 *Barb.* 215). So, where after the counsel had rested he discovered new evidence, and offered to produce it, which was refused by the judge, the court held it to be discretionary. (*Ford* agt. *Niles*, 1 *Hill*, 300 ; *Alexander* agt. *Byron*, 2 *Johns. Cas.* 318.)

In *Mercer* agt. *Sayer* (7 *Johns.* 308), the court held in such a case that it was a matter of discretion in the judge to admit or refuse the evidence, but as he refused it upon the ground that he had no power to do so, it was held erroneous. It is not intimated, however, that his discretion, if exercised, would have been reviewed.

From all these cases I conclude that the decision of the court in this case was within the discretion of the judge, and there is nothing that warrants the granting a new trial therefore.

The remaining question is as to the charge of the judge, that the jury might consider this evidence. I have already remarked that it was before the jury as all the other evidence in the cause, and nothing had been done by the defendant to exclude it from the consideration of the jury, that it was a species of evidence which might be used for the purpose suggested by the court, and that the omission of the defendant to contradict it on the trial was no reason for excluding it from the jury. The exception to the charge therefore, in this respect, was unavailing. That the defendant might

have succeeded on a motion for a new trial is probable, but it does not come within the province of the appellate court on a bill of exceptions to grant it.

The judgment should be affirmed.