## RICHARD C. WILSON *vs.* CHARLES ALMY.

The vendor of an interest in a ship is not bound to deliver a bill of sale thereof, if the ship has been sold, with the assent of the vendee and all the other owners, by creditors having liens thereon, valid against them all, and the proceeds applied in payment of their debts.

CONTRACT for money had and received to the plaintiff's use. At the trial in the superior court, before *Morton*, J., it appeared that the money was paid by the plaintiff to the defendant for an interest in the ship Napoleon, but that the defendant refused to give the plaintiff a bill of sale thereof. The defendant, among other matters, now immaterial, offered to show that there were debts for outfits, exceeding the value of the ship, for which the creditors had liens on her against all owners, and that the creditors, with the assent of the plaintiff and of all the owners, took the ship, caused it to be sold, and applied the proceeds to the payment of their debts. The judge ruled, *pro formâ*, that these facts, if proved, would be no defence to the action, and directed a verdict for the plaintiff, which was returned. The defendant alleged exceptions, which were argued in October 1869.

*T. M. Stetson*, (*T. D. Eliot* with him,) for the defendant.

*E. L. Barney*, for the plaintiff.

BY THE COURT. The defendant offered, among other things, to prove that there were debts for outfits, exceeding the value of the vessel, for which the creditors had liens on the vessel against all owners thereof, and that those creditors, with the assent of the plaintiff and of all the owners, took the vessel and caused it to be sold, and applied the proceeds to the payment of their debts. If such was the fact, the whole title in the vessel having been disposed of by the plaintiff's consent for the payment of debts which created a valid lien on the vessel as against him and all other owners, a formal bill of sale by the defendant to the plaintiff was immaterial. *Exceptions sustained.*