### JOHN SCRANTON vs. PHILANDER P. COE.

It is not necessary, as a matter of law, that a bill of sale should be given, to pass the title to a vessel, as between the parties.

ASSUMPSIT to recover money paid for an interest in a vessel; brought to the Superior Court in New Haven County, and tried on the general issue closed to the court, before *Phelps, J.* The court found the following facts:—

On the 30th of January, 1868, the plaintiff, by a parol contract with the defendant, purchased of him one-eighth of the schooner Ellen Louisa for $225, and then paid him the purchase money, and the defendant then executed and delivered to him the following writing:—" Received of John Scranton, two hundred and twenty-five dollars. Said money is received in payment for one-eighth part of schooner Ellen Louisa, the bill of sale to be delivered inside of ten days from date. Madison, Jan. 30th, 1868. P. P. COE." By this transaction the defendant intended to sell and the plaintiff to buy the interest in the vessel, and both parties from that time afterwards until the 7th of April, 1868, understood that the plaintiff was the owner of the interest.

The plaintiff several times asked the defendant for the bill of sale, and on the 6th of April, 1868, requested the master of the vessel to bring the vessel's papers on his return from a voyage then about to be commenced, so that a bill of sale might be prepared; to which the master assented. During all the time between the 30th of January and the 7th of April, 1868, the defendant intended to give, and the plaintiff

expected to receive, a bill of sale, and neither of them intended or understood that the giving of that paper by the defendant was an act to be done to complete the plaintiff's title to the interest in the vessel.   The defendant made several unsuccessful efforts to obtain a blank for the purpose of filling up and executing and delivering the bill of sale, and the reason of his delay was explained from time to time to the plaintiff.

On the 7th of April, 1868, the vessel foundered in Guilford harbor, and was uninsured, and became a total loss.   The wreck was sold for a small sum, but neither the plaintiff nor defendant has claimed or received any portion of the proceeds of that sale.   The bill of sale was not given by the defendant before the loss of the vessel, and has never since been requested by the plaintiff or tendered by the defendant.

Immediately after the accident to the vessel, the plaintiff demanded of the defendant the money he had paid him for the interest in her.   No actual possession of the vessel or of any interest in it was ever taken by the plaintiff, and the master, who was running her on a share, remained in charge and command after the 30th of January, 1868, as before; and between the 30th of January and 7th of April the master understood from both parties that the interest in question had been purchased by the plaintiff.

The plaintiff claimed, as matter of law, that the court should rule that, by the true construction of the writing, the title to the vessel did not pass to the plaintiff at the time of the execution of the writing, but remained in the defendant until a bill of sale was delivered.   But the court did not so rule, but ruled that the title did pass to the plaintiff, and that he could not recover although he had never received a bill of sale of the vessel.

The plaintiff moved for a new trial for error in this ruling of the court.

*Doolittle*, in support of the motion.

The sole question is, did the title to one-eighth part of this vessel pass to the plaintiff on the 30th of January, 1868.

A bill of sale is absolutely necessary to transfer the legal title to a vessel. *Weston* v. *Penniman*, 1 Mason, 317; *Ohl* v. *Eagle Ins. Co.*, 4 id., 172; 3 Kent Com., 130. The receipt is explicit, and no doubt can be entertained as to its meaning. It is an acknowledgment of the receipt of a sum of money in payment of an interest in a vessel, the title to which is to be transferred at a future day. There is not one word in it about bargain or sale. It is a simple acknowledgment of the receipt of money in payment of an article, the title to which is to be transferred, by the proper and appropriate instrument, within a specified time. The intent of the parties was to transfer the title in the usual manner, by a bill of sale. To pass the title is the natural office of a bill of sale of a vessel. No valid title, perfect against all the world, could pass until a bill of sale was made and recorded in a reasonable time. Hilliard on Sales, ch. 1, § 5; id., ch. 5, § 2 and note; *Higgins* v. *Chessman*, 9 Pick., 7; *Lovelace* v. *Stewart*, 23 Misso., 384.

*C. Ives*, contra.

PARK, J. On the trial of this cause the plaintiff claimed, and requested the court to rule, that the receipt that was given by the defendant to the plaintiff shews, as matter of law, that the legal title to the one-eighth part of the vessel, which was sold by the defendant to the plaintiff, did not pass to the plaintiff at the time the receipt was given, or at the time the contract of sale was made. The court did not so rule, and the sole question presented for our consideration is, whether it is essential in all cases that a bill of sale should be given in order to pass the legal title to a vessel.

The receipt does not purport to be the contract of sale. Neither does it undertake to state all the terms of the contract, but only enough to show for what purpose the money mentioned in it was paid. It does not state what was the understanding of the parties regarding the title of the property, whether it should be considered as passing at the time the receipt was given or not, or whether the plaintiff was to

take immediate possession of the property under the contract of sale or not. All that is stated is simply that the bill of sale should be delivered within ten days from the date of the receipt. It follows therefore, unless a bill of sale is essential to pass the title of a vessel, that there is nothing in the receipt tending to show that the title to the property did not pass from the defendant to the plaintiff at the time it was given, or at the time the contract of sale was made. This question arises between the parties to the contract. We are not called upon to consider what would be the rights of creditors or of subsequent bonâ fide purchasers. It is simply a question between vendor and vendee.

Judge Kent, in the 3d volume of his Commentaries, page 130, says:—"Possession of a ship and acts of ownership will, in this as in other cases of property, be presumptive evidence of title, without the aid of documentary proof, and will stand good until that presumption be destroyed by contrary proof; and a sale and delivery of a ship, without any bill of sale or instrument, will be good at law as between the parties." The authority of this learned judge is fully sustained by the following adjudications. *Robertson* v. *French*, 4 East, 130; *Wendover* v. *Hogeboom*, 7 Johns., 308; *Taggard* v. *Loring*, 16 Mass., 336; *Veazie* v. *Somerby*, 5 Allen, 281; *Muggridge* v. *Eveleth*, 9 Met., 233; *Vinal* v. *Burrill*, 16 Pick., 401; *Wilson* v. *Almy*, 105 Mass., 436; *Badger* v. *Bank of Cumberland*, 26 Maine, 428. *The Amelie*, 6 Wallace, 18; 1 Parsons Ship. & Admiralty, 50 to 58.

We think the ruling of the .court below was correct and therefore do not advise a new trial.

In this opinion the other judges concurred.