Parker, C. J.,
delivered the opinion of the Court. The question as to the insurable nature of the plaintiffs’ interest, which was the subject of this contract, has been virtually decided in several cases which have come before the Court. The case of Oliver vs. Green, (1) which was cited in the argument, is too nearly like this to admit of any substantial distinction. In that case, the plaintiff, having been the owner of one half the vessel, and having chartered the other half, with a stipulation to pay a specific sum if she should be lost, insured the whole as his own property, without stating the nature of his interest. He recovered for the whole, although the exception was expressly taken, and there was in that case a suggestion of concealment. In the present case, the plaintiffs were only charterers of the whole vessel, with a stipulation to insure her ; the effect of which is the same as the agreement to pay in case of loss. And although, in that case, one of the Court seems to have considered the contract between the owner and the charterer to have amounted to a conditional purchase of the vessel by Oliver, yet it does not appear that the final decision was grounded upon that * construction ; and, if it were, the agreement in the case at bar might admit of the same construction.
In the case of Locke vs. North American Insurance Company, lately decided, (2) the principles which are brought into view in the present case were discussed and settled. It was there held, that interest, in mercantile language, did not mean an absolute property in the thing insured ; and many cases were cited to prove it. The principal difficulty which seems to occur in giving such latitude to the term interest is overcome by the consideration, that, in no case, where the assured has not the power to transfer the property by abandonment, can he recover any otherwise than as an indemnity for his actual loss, or the actual amount of injury to the thing insured *220 in case he has only a qualified property, or an interest not amounting to property in the subject matter.†
The objection arising from a supposed concealment of the nature of the interest is also removed by the case last cited. It was considered there, that nothing short of a false representation, or a refusal to state the truth upon inquiry, could materially affect the contract; because, generally, the nature of the interest insured is quite immaterial to the underwriter. The assured must have, bond fide, an interest in the property, to avoid the supposed legal effect of a wager policy. But that interest may exist without a legal title to the property itself.
The case cited from Cranch's Reports, of Graves & al. vs. Boston Marine Insurance Company, (3) is not applicable to the question ; that case going only to decide, that no other can claim the benefit of the insurance, but he for whom the contract is expressed to be made.
We are satisfied, upon the whole matter, that sufficient interest was proved at the trial to enable the plaintiffs to retain their verdict.
(After some observations on the lapse of time between the first disaster which happened to the vessel and the effecting of the insurance, and on the other points made at * the trial, the Chiefi Justice concluded;) —We are of opinion, that there must be a new trial, in order that the question may be distinctly tried by the jury, whether there was any fraud, or material concealment of circumstances, previous to the making of the policy. And the principal legal question being now settled, it is .probable a verdict will conclusively settle the dispute between the parties.

JVew trial ordered.

 3 Mass. Rep. 133.

 Ante, page 81

 [See Phil. on Ins. vol. 1, page 51. — Ed.]

 2 Cranch, 419.