EASTERN RAILROAD COMPANY *vs.* RELIEF FIRF INSURANCE COMPANY.

A railroad corporation was insured against loss or damage by fire, by a policy, the written clause in which described the subject insured as "their liability for loss and damage by fire occasioned by sparks from locomotives to property of others situate on lands not owned or occupied by assured;" and by the printed clauses of which it was agreed to make good to them "all such loss or damage, not exceeding in amount the sum insured, as shall happen by fire to the property as above specified during one year" from its date, "the said loss or damage to be estimated according to the actual cash value of the said property at the time the same shall happen, and to be paid within sixty days after due notice and proof thereof made by the insured in conformity to the conditions annexed to this policy, unless the property be replaced or the company have given notice of their intention to rebuild or repair the damaged premises."

One of these conditions annexed required persons sustaining loss or damage by fire forthwith to give written notice thereof to the company, and within sixty days deliver as particular an account thereof as the nature of the case would admit, verified in a certain manner. *Held*, that the railroad corporation must, within sixty days after a fire, give notice and proof of loss in accordance with this condition.

Under the St. of 1864, *c.* 196, requiring that "in all insurance against loss by fire made by companies chartered or doing business in this Commonwealth the conditions of the insurance shall be stated in the body of the policy," a statement that "this policy is made and accepted in reference to the terms and conditions herein contained and hereto annexed, which are hereby declared to be a part of this contract," does not import into the contract any condition not set forth on the face of the policy. But if, on the face of the policy the amount of the loss is stated to be payable "within sixty days after due notice and proof thereof made by the insured in conformity to the conditions annexed to this policy," such notice and proof must be made in accordance with the details of a condition printed on a subsequent page of the policy and after the signatures of the insurers.

CONTRACT on a policy of insurance, dated March 2, 1865, by which the defendants insured the plaintiffs "against loss or damage by fire to the amount of ten thousand dollars on their liability for loss and damage by fire occasioned by sparks from locomotives to property of others situate on lands not owned or occupied by assured; loss not to exceed twenty-five hundred dollars at any one fire;" and promised and agreed to make good to them "all such loss or damage, not exceeding in amount the sum insured, as shall happen by fire to the property as above specified during one year" from said date; "the said loss or damage to be estimated according to the actual cash value of the said property at the time the same shall happen, and to be paid within sixty days after due notice and proof thereof made

by the insured in conformity to the conditions annexed to this policy, unless the property be replaced or the company have given notice of their intention to rebuild or repair the damaged premises ; " " provided, that if any other insurance has been or shall hereafter be made upon the said property, not consented to by this company in writing hereon, or if the said property shall be sold or conveyed, or if this policy shall be assigned without the consent of the company obtained in writing hereon, or if the assured shall make any attempt to defraud the company, then and in every such case this policy shall be null and void. In case of loss, the insured shall not recover on this policy any greater proportion of the loss or damage sustained to the subject insured than the amount hereby insured shall bear to the whole amount insured on the said property. And if the abovementioned premises, at any time during the period for which this policy would otherwise continue in force, shall be used for the purpose of carrying on therein any trade or occupation, or for storing or keeping therein any articles, goods or merchandise, denominated hazardous or extra-hazardous, or specially hazardous, in the second class of the classes of hazards annexed to this policy, except as herein specially provided for, or hereafter agreed to by this corporation, in writing, upon this policy, from thenceforth, so long as the same shall so be used, this policy shall be of no force or effect." And it was further set forth on the face of the policy, that " this policy is made and accepted in reference to the terms and conditions herein contained and hereto annexed, which are hereby declared to be a part of this contract." All the parts of the policy, above quoted, were in print, except the amount and term of insurance, and the description of the subject insured, which were inserted in writing.

On the same sheet of paper, but after the signatures of the defendants' officers, and on a different page, were printed twelve " conditions of insurance," the ninth of which was as follows :

" Persons sustaining loss or damage by fire, shall forthwith give notice thereof in writing to the company, and within sixty days from the occurring of said fire they shall deliver as particular an account of their loss and damage as the nature of the case

will admit, signed with their own hands. And they shall accompany the same with their oath or affirmation, declaring the said account to be true and just; showing, also, the ownership of the property insured; what other insurances, if any, existed on the same property, and giving a copy of the written portion of the policy of each company; what was the whole sound or cash value of the subject insured; in what manner the building insured, or containing the subject insured, and the several parts thereof were occupied at the time of the loss; who were the occupants of such building, and when and how the fire originated, so far as they know or believe. They shall also produce a certificate under the hand and seal of a magistrate, or notary public, most contiguous to the place of the fire, and not concerned in the loss, stating that he has examined the circumstances attending the fire, loss or damage alleged; that he is acquainted with the character and circumstances of the claimant, and that he verily believes that such claimant has, by misfortune, and without fraud or evil practice, sustained loss and damage to the subject insured, to the amount which such magistrate or notary shall certify."

At the trial, before *Foster*, J., the plaintiffs did not contend that notice and proof of loss had been given technically and strictly in accordance with this condition; but contended that such a condition was not applicable to a policy of this description, and that, by the St. of 1864, *c.* 196, they were not bound by it as a condition; and the judge reported these questions for the determination of the full court, the defendants to be defaulted if it should be adjudged that the condition was not valid and binding, otherwise the case to stand for trial.

*S. B. Ives, Jr. & S. Lincoln, Jr.*, for the plaintiffs.

*J. G. Abbott*, for the defendants.

GRAY, J. The form of this policy is peculiar, but its nature and effect are readily ascertained by referring to the statutes of he Commonwealth and to general principles of the law of insurance.

The Gen. Sts. *c.* 63, § 101, provide that every railroad corporation " shall be responsible in damages to any person or corpo-

ration whose buildings or other property may be injured by fire communicated by its locomotive engines; and shall have an insurable interest in the property upon its route for which it may be so held responsible, and may procure insurance thereon in its own behalf." This is a remedial statute, the primary object of which is to afford protection and indemnity to the owners of property, real and personal, against the dangers to which it is necessarily exposed from the conduct of the business which the railroad corporation is authorized by law to carry on for the benefit of the public and its own profit. *Hart* v. *Western Railroad Co.* 13 Met. 99. *Lyman* v. *Boston & Worcester Railroad Co.* 4 Cush. 288. *Trask* v. *Hartford & New Haven Railroad Co.* 16 Gray, 85, and 2 Allen, 331. *Perley* v. *Eastern Railroad Co. ante*, 414.

By the law of insurance, any person has an insurable interest in property, by the existence of which he receives a benefit, or by the destruction of which he will suffer a loss, whether he has or has not any title in, or lien upon, or possession of the property itself. 3 Kent Com. (6th ed.) 276. *Insurance Co.* v. *Chase*, 5 Wallace, 513. *Wilson* v. *Jones*, Law Rep. 3 Exch. 150, 151. Thus a common carrier has an insurable interest in the goods carried by him, which he may insure to their full value, without regard to his liability to the owner of the goods. *Crowley* v. *Cohen*, 3 B. & Ad. 478. *London & Northwestern Railway Co.* v. *Glyn*, 1 El. & El. 652. So has a warehouseman, although he is liable only for his own negligence to the owner. *Waters* v. *Monarch Assurance Co.* 5 El. & Bl. 870. And the charterer of a vessel, who has covenanted to pay its value in case of loss, or to obtain insurance upon it against the usual risks, has an insurable interest in the vessel. *Oliver* v. *Greene*, 3 Mass. 133. *Bartlet* v. *Walter*, 13 Mass. 267.

In the ordinary case of reinsurance, the insurer causes the sum which he has insured to be reassured to him by a distinct contract with another insurer, with the object of indemnifying himself against his own act; and is obliged to prove the subject at risk, and the loss thereof, in the same manner as if he were the original assured; and the reassurer may make the same defences

as the original insurer. 3 Kent Com. 278, 279. *Merry* v. *Prince* 2 Mass. 176 *New York State Insurance Co.* v. *Protection Insurance Co.* 1 Story. 458. In *New York Bowery Insurance Co.* v *New York Insurance Co.* 17 Wend. 359, it was held that insurers of a building against loss by fire had an insurable interest which they might reinsure; and that they were bound by a condition, requiring them to give notice and proofs of loss, in a policy obtained by them in the usual form, except that for the word "insure" near its beginning was substituted the word "reinsure." See also *Mutual Safety Insurance Co.* v. *Hone*, 2 Comst. 235.

The nature of the interest of a railroad corporation in property of which it is made by statute an insurer against loss by fire communicated from its engines is quite analogous to that of a common carrier, who is an insurer by the common law, or to that of an underwriter, who is an insurer by his own contract. In either case, the insurer against certain risks may in turn protect himself by insuring the property for the loss of which he may be held responsible.

The policy held by the plaintiffs is stated in the written clause to be "on their liability for loss and damage by fire occasioned by sparks of locomotives to property of others, situate on lands not owned or occupied by assured." The object of this clause is to define the extent of the risk which is assumed, and to describe their insurable interest in accordance with its peculiar nature. 1 Phil. Ins. §§ 424, 427. But, by the manifest purport of this clause, and the clear words of the subsequent provisions of the policy, it is the property in which they have an interest to the extent of their liability for its destruction, and not that liability itself, which is insured against loss or damage by fire. The loss is to be paid within sixty days after due notice and proof thereof, in conformity with the conditions annexed to the policy. And it is as important to the insurers that such notice and proofs should be furnished, and to the assured that the loss should be paid, within a short time after the fire takes place, as in the case of an ordinary policy. It would be equally inconsistent with the terms of this policy, or with a just regard

to the rights of either party, to await the result of suits or claims against the railroad corporation by the owners of the property lost or destroyed, before furnishing the insurance company with due notice and proof of a loss for which the railroad corporation looks to them for indemnity. There is therefore no reason in the nature of the contract itself, why the plaintiffs should not immediately after the fire give notice to the defendants of the loss or damage thereby occasioned, and within sixty days furnish as particular an account thereof as the nature of the case will admit, verified as required by the annexed conditions.

The remaining question depends upon the meaning and effect of the St. of 1864, *c.* 196, by which it is enacted that, "in all insurance against loss by fire hereafter made by companies chartered or doing business in this Commonwealth, the conditions of the insurance shall be stated in the body of the policy, and neither the application of the insured nor the by-laws of the company shall be considered as a warranty or a part of the contract, except so far as they are incorporated in full into the policy, and so appear on its face, before the signatures of the officers of the company." This statute is a reënactment and extension of the St. of 1861, *c.* 152, which differed only in inserting the words " as such " after the mention of the application and by-laws, and in not containing the final clause of exception.

The manifest purpose of the legislature was to prevent just claims under policies of insurance against loss by fire from being defeated by the provisions of other documents, which the courts had previously been obliged to hold to be binding on the assured, because in law part of the contract, but of which, from their number and variety, and the type and manner in which they were printed, he often had no actual knowledge or appreciation. The effect of the recent statutes is to assimilate contracts of fire insurance to ordinary cases of marine insurance, in which all the warranties are upon the face of the policy, and the representations on which it is issued are collateral to, and not parts of, the contract.

Before these statutes, conditions of insurance printed upon the second leaf of a sheet of paper, the first leaf of which con-

tained the policy, were sometimes held to be a part of the policy although not referred to therein ; *Roberts* v. *Chenango County Insurance Co.* 3 Hill, 501 ; *Murdoch* v. *Same,* 2 Comst. 210 ; and applications, by-laws, or conditions of insurance, referred to in the policy as part thereof, were held to be embodied in the con‑ tract, to the same effect as if recited and set forth at large in the policy, in accordance with the maxim, *Verba relata inesse viden‑ tur.* *Houghton* v. *Manufacturers' Insurance Co.* 8 Met. 120. *Kibbe* v. *Hamilton Insurance Co.* 11 Gray, 167. The statutes have changed this rule, made a distinction which did not before exist between stipulations referred to and those stated in the body of the policy, and required that at least the substance of the whole contract should be stated in the policy itself.

The St. of 1864, however, which goes beyond the St. of 1861 in respect to the application and by-laws, and prohibits either of those from being deemed part of the policy except so far as they are set forth in full upon its face, is not so rigid in its require‑ ments as to conditions of insurance ; and, repeating in this re‑ spect the very words of the earlier statute, merely requires that they shall be " stated in the body of the policy." And there seems to be a good reason for the difference. The by-laws of the company may well be required to be exactly set forth in the contract of insurance, if they are to affect its construction ; and so may the application, if the insurers propose to give it any other effect than it would have by the general principles of law as the representation on which the contract is founded. See *Kimball* v. *Ætna Insurance Co.* 9 Allen, 540 ; *Campbell* v. *New England Insurance Co. ante,* 381. But some of the most usual conditions of insurance involve many particulars, which could hardly be incorporated in full into the body of the policy without danger of diverting the attention of the reader from the essential provisions of the contract, and the substance of which therefore may appropriately be stated in general terms on the face of the policy, with a reference to schedules or forms, or details of regulations, printed upon the subsequent pages of the instrument.

This view is supported by the decisions of this court under

the St. of 1861.   In *Barre Boot Co.* v. *Milford Insurance Co.* 7 Allen, 42, it was held that a statement in the body of the policy that it was made and accepted upon the express condition " that the application for this insurance contains a just, full and true exposition of all the facts and circumstances in regard to the condition, situation, value and risk of the property, so far as the same are known to the insured and material to the risk," was a compliance with the statute, and enabled the insurers to take advantage of a material misstatement in the application as to the occupation of the premises insured.   Upon the exact facts of that case, that decision would not indeed be applicable under the St. of 1864, which precisely defines the extent to which the application must be embodied in the policy; but it affords a test of the exactness with which conditions of insurance, not expressly required by the statute to be set forth in full, must " be stated in the body of the policy."

The same rule was applied in another case, which did not in volve any question of application or by-laws, and the judgment in which is therefore equally in point under either statute.   Under a policy of insurance against loss by fire, signed at the foot of the first page, and containing a stipulation that it should be void if the building insured should be appropriated, applied or used for carrying on any business, or keeping, using or selling any articles, denominated hazardous or extra-hazardous, or included in the memorandum of special hazards, in the terms and conditions annexed to the policy and printed on the second page, it was held that the insurers, notwithstanding the St. of 1861, might prove that such trade was carried on and such articles kept on the premises.   *Campbell* v. *Charter Oak Insurance Co.* 7 Allen, 45, note.   By the same policy, the loss was " to be paid within ninety days after due notice and proof thereof made by the assured in conformity to the conditions annexed to this policy ; " by those conditions, persons sustaining loss or damage by fire were required forthwith to give written notice to the company, and as soon after as possible to deliver a particular account thereof under oath showing, among other things, the general manner of the occupation at the time of the loss ; proofs so

made showed that the building was used for a business which was prohibited in the classes of hazards contained in the conditions of insurance; and it was held that, even if this statement was made by mistake, the noncompliance with the conditions was fatal to the maintenance of an action upon the policy. *S. C.* 10 Allen, 213.

In the policy now before us, the final clause, by which it is .leclared that "this policy is made and accepted in reference to the terms and conditions herein contained, and hereto annexed, which are hereby declared to be a part of this contract," is so vague and general, and savors so much of an attempt to evade the operation of the statute, that it cannot be held to import into the contract any conditions not set forth on the face of the policy. *Barre Boot Co.* v. *Milford Insurance Co.* 7 Allen, 44. But the promise to pay the amount of the loss "within sixty days after due notice and proof thereof made by the insured in conformity to the conditions annexed to this policy" must, upon the reasons and authorities already mentioned, be held to be a sufficient statement of the ninth condition as to notice and proof of loss, to prevent the assured, if they do not comply with it so far as the nature of the case will admit, from maintaining this action.                    *Case to stand for trial.*