JOSIAH B. THOMAS & another *vs.* BUILDERS' MUTUAL FIRE INSURANCE COMPANY.

Essex.   Nov. 4. — 17, 1875.   WELLS, COLT & MORTON, JJ., absent.

A policy of insurance against fire which contains a provision that if the assured " shall have made or shall hereafter make any other insurance upon said property without the knowledge or consent of this company, in writing, then in such case this policy shall be void," is not defeated by the taking of a subsequent policy which is invalid by reason of the failure of the assured to obtain the assent of the company issuing it to the existence of other insurance upon the property as required by the terms of that policy; and the assured may set up the invalidity of the second policy, in an action by him upon the first policy, although he has received payment of the second policy from the insurer.

CONTRACT upon a policy of insurance against fire, issued by the defendant to the plaintiffs. At the trial in the Superior Court, before *Brigham*, C. J., the defendant declined to argue the case to the jury under the instruction of the presiding judge, submitted to a verdict for the plaintiffs, and alleged exceptions to the rulings of the judge and to his refusal to rule as requested, the substance of which appears in the opinion.

*W. F. Slocum*, for the defendant.

*S. B. Ives, Jr.*, for the plaintiffs.

DEVENS, J.   Many questions which were discussed at the trial and also at the hearing at bar, need not be considered, as there is one ground which we deem to be conclusive against the defence here sought to be established.

The policy of insurance, issued by the defendant upon December 13, 1872, and taking effect on that day, was for the term of three years, and contained the express condition " that if the assured shall have made or shall hereafter make any other insurance upon said property without the knowledge or consent of

this company in writing, then in such case this policy shall be void."

On December 19, 1872, a policy of insurance was issued to the plaintiffs by the Merrimack Mutual Insurance Company, upon certain property of the plaintiffs for the term of five years. The loss occurred within the time included in both policies. The defendant offered evidence to prove that the latter policy with other property covered also the property insured by the defendant which was destroyed by fire, and contends that as there was no knowledge of or consent to such reinsurance there can be no recovery upon the policy here sued on.

Assuming the defendant to have proved that the property insured by it was covered by the instrument issued by the Merrimack Company as a policy, it is for the defendant to show that such instrument was a valid and legal policy, effectual and binding upon the insurers. If it was invalid so far as the property in question was concerned, there would by legal intendment be no second insurance upon it, and therefore no avoidance of the first policy.

The policy of the Merrimack Company was also upon the condition " that without the consent of this company no other insurance shall exist " upon the property insured by it, and no such consent was given. The Merrimack Company was to have been the subsequent insurer of this property, (if it was in terms covered by its policy,) and the plaintiffs therefore failed to do what was necessary in order that a contract might be perfected with it, and having effected no valid subsequent insurance, they have not avoided the prior policy with the defendant. The whole question comes clearly within the decided cases. *Jackson* v. *Massachusetts Mutual Fire Ins. Co.* 23 Pick. 418. *Clark* v. *New England Mutual Fire Ins. Co.* 6 Cush. 342. *Hardy* v. *Union Ins. Co.* 4 Allen, 217.

Nor is the fact that the plaintiffs have received payment from the Merrimack Company upon their policy important in this connection. The inquiry here is simply whether there was a valid insurance at the time, and this is not affected by what the plaintiffs or the Merrimack Company saw fit to do afterwards. Those acts can in no way have affected injuriously the defendant, so as to estop the plaintiffs from asserting that there was no valid

policy issued by the Merrimack Company, nor can they alter the rights of the parties. *Hardy* v. *Union Ins. Co.*, *ubi supra.* *Bardwell* v. *Conway Ins. Co.* 118 Mass. 465. *Philbrook* v. *New England Ins. Co.* 37 Maine, 137.　　*Exceptions overruled.*