Gilmore, C. J.
If the subsequent policies taken out by the insured constitute breaches of the condition against *191 further insurance contained in the policy sued on, the district court erred in reversing the judgment of the common pleas; if not, there is no error.
The insurer held the affirmative of the issue made by the pleadings on this point; and as it was insisting that the insured had forfeited all rights under its policy, by the breach of a condition inserted therein for its own benefit, it was bound to strictly prove that the condition had been broken. The evidence upon which it relied for this purpose consisted of the several subsequent policies procured from other companies by the insured, on the same property, without the knowledge or consent of the defendant below.
By conditions contained therein, each of these subsequent policies requires that, “ if the interest in the property be other than the entire, unconditional, and sole ownership of the property for the use and benefit of the insured, it must be so represented to the company, and expressed in the written part of the policy; otherwise, the policy shall be void.” The bill of exceptions shows that, prior to the issuing of the subsequent policies, the insured convoyed the property covered by all the policies, by a deed absolute on its face, to one Amos Babcock. In each of the subsequent policies, the insured is described in the written part thereof as the owner of the property, without qualification. The record does not show that the insurers issuing the subsequent policies had any notice or intimation that this description of ownership was false. Under these circumstances, as between the parties to them, neither of these subsequent policies ever took effect; they were void ab initio. Mutual Assurance Society v. Holt, 29 Grat. 612.
Counsel for plaintiff in error admit that this may be true as regards a policy void upon the face of it, and possibly as to one that has been actually and legally avoided; but claim that it is not true as regards one that has not been avoided, and can only be after a reference to extrinsic facts. They ask: Who is to determine whether such a policy can be avoided or not ? The answer is, that if a policy is void *192 able on its face, at the election of the party issuing it, such party alone can elect to avoid it, and, until the election is . made, the policy would be regarded as obligatory upon the parties to it; and the same rule would apply, if the fact that the policy was voidable was made to appear by admissible extrinsic facts. But the doctrine applicable to voidable policies has no place here. Each of the subsequent policies in question is valid upon its face, and, prima facie, binding on the parties to it. And, by the terms of the condition upon which its character in this respect depends, it must be either valid or void, as between the parties, and it can occupy no middle ground.
Having already said that the subsequent policies never took effect between the parties, by reason of the breach of the conditions therein contained, we hold that the condition against further insurance in the policy sued on was not broken by such subsequent policies. The condition contemplates subsequent valid insurance, and is not broken by an attempt to obtain further insurance, which was, in legal effect, all that was done by the insured in this case.
But, notwithstanding this is so, counsel for plaintiff in error further claim that the compromise and settlement made by the Woolen Mills Company with the companies making the subsequent insurance, estops the plaintiff below from setting up or claiming, as against the defendant below, that the subsequent insurance is void, and did not constitute such other insurance as entitled the defendant to notice thereof. There are authorities which are eutitled to very great respect that sustain this view. Carpenter v. Providence Ins. Co., 16 Pet. 495; Bigler v. N. Y. Cent. Ins. Co., 22 N. Y. 402; Jacobs v. Eq. Ins. Co., 19 Upper Can. 250.
But, supported as it is by these authorities, we can not sanction the doctrine contended for. In the absence of fraud, which is not claimed, there are no facts shown upon which to found an estoppel. The attempt to obtain further insurance did not of itself prejudice the insurer. If it be said that the belief that it had obtained further insurance was calculated to make the agents of the company and *193 owners of the property less anxious for its preservation, or less watchful in protecting it, and that this increased the insurer’s risk, and was bad faith toward, and prejudicial to the insurer, the answer is, that none of these things, can be presumed, and there is no evidence tending to. prove them. There is no principle upon which the compromise and settlement by the parties of the subsequent void policies can work an estoppel.
The fact that the subsequent insurers may have regarded their policies as valid or voidable did not make them so; and the fact that the insured received a part or the whole of the amount insured by them, did not prejudice the defendant below, nor estop the insured from proving that the subsequent policies were void. The rights of the parties, under the policy sued on, became fixed at the time the loss occurred, and could not be affected by what was subsequently done between the insured and third parties.
We hold, therefore, that the receipt of payment on the subsequent void policies is not matter of defense to an action on a prior policy.
This view is sustained by the weight of authority in this country. See Stacy v. The Franklin Ins. Co., 2 Watts & Serg. 506; Jackson v. Massachusetts Mutual Ins. Co., 23 Pick. 418; Philbrook v. New England Ins. Co., 37 Me. 137; Lindley v. Union Mutual Ins. Co., 65 Id. 368; Gale v. Belknap Ins. Co., 41 N. H. 170; Gee v. Cheshire Co. Mutual Fire Ins. Co., 55 Id. 65; Schenck v. Mercer Co. Ins. Co., 4 Zabr. 447; Thomas v. Builders’ M. F. Ins. Co., 119 Mass. 121; Sutherland v. Old Dominion Ins. Co., Insurance Law Journal, Vol. 8, No. 3, 181; Hubbard & Spencer v. Hartford Fire Ins. Co., 33 Iowa, 325; 29 Grat. supra; Knight v. Eureka Ins. Co., 26 Ohio St. 664.
Finding no errors on the record, the judgment of the district court is affirmed.