Jersey City Insurance Co. v. Nichol.

should be estimated, can be corrected by application to the chancellor.

*Decree unanimously affirmed.*

---

The Jersey City Insurance Company, appellant,

*v.*

Catharine Nichol et al., respondents.

1. Where there are two policies of fire insurance on the same property, each containing the condition that if the assured shall have, or shall thereafter make, any other *insurance* on the property, without the consent of the company written thereon, then the policy shall be void, the second policy, without such consent, does not invalidate the first, for it never effected an insurance.

2. Although there is a second policy, there is no fraud in the statement, in proof of loss, that there is no other insurance, if the second policy was never effected.

3. A statement of the value of the house burned, in proving the loss, without actual fraud appearing, is but an estimate and opinion, which, if excessive, will not invalidate the insurance for false swearing.

4. A claim for loss under the second policy, after the fire, made by the insured, has no effect in reviving that policy, if the insurer does not assent thereto, or waive the forfeiture.

5. Where an apportionment of the loss is provided for in a policy, this can only be construed to apply to other insurance valid in its inception.

---

On appeal from a decree of the chancellor, based on the following opinion of Barker Gummere, esq., sitting as advisory master:

On March 5th, 1874, the complainant issued a policy of insurance to the defendant, Catharine Nichol, then Catharine Mettenheimer, insuring her dwelling-house in Oxford, Warren county, against loss or damage by fire, to the amount of $1,200, for the term of five years, from February 19th, 1874. The policy contained a condition that "if the assured * * *

Jersey City Insurance Co. *v.* Nichol.

shall hereafter make any other insurance on the property hereby insured, or any part thereof, without the consent of this company written hereon, * * * then, and in every such case, this policy shall be void;" and also a further condition, that "in case of any other insurance upon the property hereby insured, whether made prior or subsequent to the date of this policy, the assured shall be entitled to recover of this company no greater proportion of the loss sustained than the sum hereby insured bears to the whole amount insured thereon, without reference to the solvency or liability of the other insurers;" and a further condition requiring the assured to deliver under oath to the company, in case of a loss by fire, an account of such loss, "stating whether any and what other insurance has been made on the same property, giving copies of the written portion of all policies thereon;" and a further condition that "all fraud or attempt at fraud, by false swearing or otherwise, shall cause a forfeiture of all claim on this company under this policy."

On October 28th, 1878, the defendant, Catharine Nichol, procured from the Millville Mutual Marine and Fire Insurance Company a policy, purporting to insure the same premises against loss or damage by fire, to the amount of $800, but subject to the following condition : that " if the assured shall have * * * any other insurance on the property hereby insured, or any part thereof, without the consent of this company written hereon, * * * then, and in every such case, this policy shall be void." No consent to the then existing insurance on this property, made by the complainant, is written on this instrument. The agents of the Millville company, at the time the policy was procured, reported to the company that there was no other insurance on the property, and there is no proof that either the company or its agents had any knowledge of the prior insurance thereon made by the complainant; nor is there any proof that the Millville company or its agents have at any time waived a forfeiture under the above-stated condition of its policy.

On or about February 7th, 1879, the dwelling in question was destroyed by fire, and on February 14th, 1879, the defendant, Catharine Nichol, made proof to the complainant of the

loss; but neither in such proof nor otherwise, did she or her attorney, Mr. Morrow, disclose the fact that she had procured the aforesaid policy from the Millville company, nor did she furnish it a copy of the written portion of said policy; and in the proof of loss, and in a subsequent conversation with complainant's officers, before the payment of the loss, she stated that there was no other insurance on the property, and that she had not applied for any.

On May 8th, 1879, the complainant, being wholly ignorant of the fact of the procurement of said policy, paid to the attorney, Mr. Morrow (who knew the fact of such procurement, and also of such ignorance on the part of the complainant), the sum of $900, as and for the loss sustained by the defendant, Nichol, by said fire, and in discharge of its liability under the first-mentioned policy.

The defendant, Morrow, still holds in his possession the sum of $500, part of said sum of $900.

In June, 1879, the defendant presented to the Millville company proofs of the loss occasioned by the said fire, and claimed payment of the loss, under the policy she had procured from that company; and in the said proofs she did not disclose to the Millville company the prior insurance made by the Jersey City company, or the payment of the loss by it.

On July 3d, 1879, the Millville company informed the Jersey City company that the defendant, Catharine Nichol, had procured a policy from it before the fire occurred, and had presented to it a claim for a total loss.

The bill charges that the procurement of the policy from the Millville company by Catharine Nichol, without the consent thereto of the Jersey City company written upon its policy, avoided the policy of the latter company, and that it was void at and before the occurrence of the fire; that said Nichol falsely and fraudulently stated in her proofs of loss that she had no other insurance, and falsely and fraudulently stated to the officers of the Jersey City company, while her claim was pending, that she had not applied for any other insurance, and that such false and fraudulent statements forfeited her claim under said policy;

that the company was induced to pay the said $900 by such false statements, and paid the same in ignorance of the fact of the procurement of said policy from the Millville company, and that the defendant, Morrow, received said sum, knowing that such policy had been procured, and that the complainant was ignorant thereof at the time of such payment. It prays a decree that Morrow repay the $500 remaining in his hands, and that Catharine Nichol repay the residue of the $900, with interest on the whole sum from the date of payment.

I find and determine as follows, to wit:

1. That the first condition set forth in the policy issued by the complainant restricts the rights of the insured party, and is to be strictly construed; and that, as a breach of the condition operates as a forfeiture, the condition must be construed in conformity to the exact words thereof. *State Ins. Co.* v. *Maackens, 9 Vr. 572.* The counsel for the complainant contends that the words "shall hereafter make other insurance" &c., should be construed to mean "shall hereafter attempt to make other insurance," or "shall hereafter procure any policy of insurance whatever, valid or void." The exact words used, and none others, are to be construed, and according to their strict meaning. To constitute a breach of this condition, it must appear that Catharine Nichol made an insurance upon this property, under a contract valid and operative in law at the time of its execution and for some appreciable time thereafter. Unless the contract to insure were valid and effectual in law at its execution, there would not, in fact, be an insurance. The condition must be construed to mean actual valid insurance.

2. That neither the sixth condition set forth in said policy, nor the eighth condition thereof, can be resorted to for the purpose of enlarging the strict terms of the forfeiture created by the first condition, and that, if resorted to, they are to be strictly construed, and that, when so construed, they must be intended to mean "actual valid insurance," by "insurers bound by a valid contract," and by "policies creating an actual insurance thereon."

3. That the policy procured by the defendant, Catharine Nichol, from the Millville Mutual Marine and Fire Insurance

Jersey City Insurance Co. v. Nichol.

Company, did not effect an insurance upon the property insured by the complainant's policy; the testimony on the part of the complainant establishes that the policy is declared upon its face to be void, if there were other existing insurance on the property without the consent of the company written on the policy; that there was such other insurance existing at the execution of that policy, and that the company's consent thereto was not written on the policy.

The policy procured from the Millville company was therefore void. *Schenck* v. *Insurance Co.*, *4 Zab. 454; 6 Cush. 342; 23 Pick. 423; 118 Mass. 465; 119 Mass. 121; 41 N. H. 170; 55 N. H. 65; 65 Me. 368; 20 Ind. 520; 26 Ohio St. 664; 2 Watts & Serg. 506; 51 Pa. St. 402.* The policy was not voidable only; it was absolutely void. The contract of insurance never took effect. It was to take effect, provided (1) that there was no other existing insurance, or (2) that a consent in writing be written on the policy to such other insurance, if existing. These were conditions precedent to the contract, the fulfillment of which was essential to give the contract vitality·on the part of the company. Neither was fulfilled, and the contract did not become effectual.

Nor is any proof adduced tending to show a waiver of the conditions, and that it was thereby vitalized.

4. That no insurance was made on the property insured under complainant's policy subsequent to the execution thereof, and that there was no breach of the said first condition in this respect.

5. That the sworn statement of Catharine Nichol, in her proofs of loss made to the complainant, that there was no other insurance on the property, was neither fraud nor attempt at fraud upon the complainant in contemplation of law, and did not impair any legal right of the complainant. Nor were her statements to its officers that she had not applied for other insurance, fraudulent in contemplation of law. They were not material, and did not affect the complainant's legal obligation under its policy.

6. That the payment of $900 by the complainant was made in the discharge of its then legal obligation, and that such obli-

Jersey City Insurance Co. *v.* Nichol.

gation was not affected by its ignorance of the procurement of the policy from the Millville company, or by the concealment of that fact by Catharine Nichol or her attorney.

And I respectfully advise the chancellor that the injunction issued in the cause be dissolved, and that the bill be dismissed ; and that, under the peculiar circumstances of the case, costs be not allowed to either party as against the other.

The bill was filed to obtain from the defendant, Catharine Nichol, and her agent, William H. Morrow, the repayment of $900 which had been paid to them on an adjustment of the loss and damage by the burning of her dwelling-house, in Oxford, N. J., insured by the complainants.

The grounds of relief stated in the bill are, that after the date of the policy of insurance, issued to her before her marriage, by the name of Catharine Mettenheimer, February 19th, 1874, for five years, in the sum of $1,200, she obtained another policy of insurance from the Millville Mutual Insurance Company, October 28th, 1878, for $800, without the consent of the complainants written thereon ; and that after the loss, in making her proofs, she swore that there was no other insurance on the building ; that they had no knowledge of other insurance until after payment of the loss ; and that no consent was given or written on their policy.

The building insured was burned February 7th, 1879, within the time named by both policies, and was a total loss.

On filing the bill and affidavits a preliminary injunction was issued, restraining the defendants from parting with the $900 paid for damages, or any part thereof then remaining in their hands. At the final hearing this injunction was dissolved, and the bill dismissed—hence this appeal.

*Mr. Flavel McGee,* for appellant, cited :

*Dewees* v. *Manhattan Ins. Co, 5 Vr. 244 ; Carpenter* v. *Prov. & Wash. Ins. Co., 16 Pet. 495 ; Bigler* v. *N. Y. Central Ins. Co., 22 N. Y. 402 ; Suggs* v. *Liverpool and London and Globe Ins. Co., 9 Ins. Law Jour. 657, Ky. Ct. App. ; Jacobs* v. *Equitable Ins. Co., 19 U. C. Q. B. 250 ; David* v. *Hartford Ins. Co., 13 Iowa 69.*

*Mr. Wm. H. Morrow,* for respondent.

The same rule which applies to all other instruments, applies equally to a policy of assurance, viz., that it is to be construed according to its sense and meaning as collected in the first place from the terms used in it, which terms are to be understood in their plain, ordinary and popular sense. *Selwyn's N. P. 889; Robertson* v. *French, 4 East 135; Hunter* v. *Leathey, 10 B. & C. 871.*

All conditions, exceptions or agreements looking to a forfeiture are to be construed most strongly against the party in whose favor they are made. *Ins. Co.* v. *Maackens, 9 Vr. 572; Carson* v. *Ins. Co., 14 Id. 304; Jackson* v. *Ins. Co., 23 Pick. 418; Clark* v. *Ins. Co., 6 Cush. 343; Jackson* v. *Ins. Co., 5 Gray 52; Bardwell* v. *Ins. Co., 118 Mass. 465; Thomas* v. *Ins. Co., 119 Mass. 121; Gale* v. *Ins. Co., 41 N. H. 170; Gee* v. *Ins. Co., 55 N. H. 65; Rising Sun Ins. Co.* v. *Slaughter, 20 Ind. 520; Ins. Co.* v. *Schettler, 38 Ill. 166; Knight* v. *Ins. Co., 26 Ohio St. 664; Mitchell* v. *Ins. Co., 51 Pa. St. 402; Stacey* v. *Ins. Co., 2 Watts & Serg. 506; Hardy* v. *Ins. Co., 4 Allen 221; Philbrook* v. *Ins. Co., 37 Me. 137; Lindley* v. *Ins. Co., 65 Me. 368; Schenck* v. *Mercer Ins. Co., 4 Zab. 447; Carter* v. *Boehm, 3 Burr. 1905–9.*

In *33 Iowa 331,* the insurance mentioned in the subsequent policies had been paid.

In *Bigler* v. *Ins. Co., 22 N. Y. 402,* suit was brought on the prior policy, which was defeated on the ground that it was avoided by a subsequent policy, which was shown to be valid by a judgment in favor of the assured, and that a draft had been given in its payment.

In *Lackey* v. *Ins. Co., 42 Ga. 457,* the court says : " The question here turns not so much upon the contract as upon our statute ; and this law would make void the first policy, though nothing was said about it in the second policy." The case turned, the court said, rather on the law than on the contract.

In *Carpenter* v. *Ins. Co., 16 Pet. 497,* suit was brought by the insured to enforce a subsequent policy which he had effected

with another company, and which was resisted by the company on the ground that by the terms of the policy it was void, because, at the time, he had an insurance on the same property in another company, of which he had not notified the defendants; to avoid this defence he alleged that the prior insurance was void because it was procured by misrepresentations of material facts. But the court held that inasmuch as it was treated, at the time the second policy was issued, by all the parties thereto as a subsisting and valid insurance, it must be regarded as a valid policy, until the facts of the alleged false representations were shown.

As to fraudulent or false statements. *Conover* v. *Wardell*, *7 C. E. Gr. 498; Story's Eq. Jur.* §§ *195, 203; Marsh* v. *Cook, 5 Stew. Eq. 266–7.*

The inquiry here is simply whether there was a valid insurance at the time, and this is not affected by what the plaintiff or the Millville company saw fit to do afterward. These acts can in no way have affected injuriously the defendants, so as to estop the plaintiff from asserting that there was no valid policy issued by the Millville company, nor can they alter the rights of the parties. *Thomas* v. *Ins. Co., 119 Mass. 122; Bardwell* v. *Ins. Co., 118 Mass. 468; Hardy* v. *Ins. Co., 4 Allen 226.*

It is true the terms of this condition should be construed fairly; and it is but fair to say that they must also be strictly construed. The condition was intended to provide for a forfeiture of the contract of insurance, and a forfeiture should not be declared by construction, when the strict terms of the condition do not require it. *Knight* v. *Ins. Co., 26 Ohio St. 671; Carson* v. *Ins. Co., 14 Vr. 304.*

The opinion of the court was delivered by

SCUDDER, J.

The defence made by the defendants in their answer and proofs is, that the policy obtained by the defendant, Catharine Nichol, in the Millville Insurance Company, after the execution

and delivery of the complainant's policy, was void, because of a condition appearing on its face, broken at the time it was made, and which has not been waived by any subsequent act of the Millville company. Both policies contain the condition that "if the assured shall have, or shall hereafter make any other insurance on the property hereby insured, or any part thereof, without the consent of the company written hereon, then this policy shall be void." The Millville policy has no consent to any other policy written thereon, nor is there any proof that they had knowledge of the complainant's policy until after the fire. By the express terms of this second policy it was, therefore, at the time it was executed, void, because at that time there was a policy issued by the complainants to which no consent was given. The condition for consent was a condition precedent to the vitality of the policy, which was broken as soon as it was accepted by the insured, and the policy never could be enforced at any time if loss by fire had been sustained, nor could any action be maintained on it.

It was different with the complainant's policy, which was valid in its inception, and was only liable to be avoided by some breach of its conditions happening after it was issued and took effect. The principal breach which is claimed, is of the stipulation that if assured shall hereafter make any other insurance on the property thereby insured, without the consent of the company written thereon, this policy shall be void. The exact term used is important, " make other insurance ; " not if she shall obtain, or attempt to obtain any other policy of insurance, whether valid or not valid. The difference between a policy and a valid, effectual insurance is here indicated ; it is the difference between the instrument and the object sought by it. The rule of interpretation applied to policies of insurance does not admit of any latitude in a construction which will work a forfeiture, and will never be extended beyond the exact words of the policy to reach that result. This rule has been defined in the recent cases of *Carson* v. *Jersey City Ins. Co., 14 Vr. 300,* and *State Ins. Co.* v. *Maackens, 9 Vr. 564.* While, therefore, we are constrained to say that the word " void," in the second

policy does not mean voidable, or something else than void, although such interpretation works a forfeiture and avoids that instrument, we are also justified in holding that the word "insurance," used in the first policy, is not equivalent to the word "policy," and that the subsequent policy obtained, being no insurance, creates no forfeiture. There can be no other reasonable conclusion; for a contract of insurance is a contract of indemnity, and if there be no indemnity by its terms, and the contract is void, then there is no insurance, though there may be a policy of insurance in form. The call for an insurance, in fact, is not met by the formal execution of a contract for insurance which is defeated as soon as it is made, by one or more of the provisions or conditions contained in it.

This result does not stand on the construction now given, as a first suggestion, for there is express authority in our state which has been approved and followed in our courts for many years. Since the case of *Schenck* v. *Mercer Co. Ins. Co.*, *4 Zab. 447*, decided in 1854, it has been the settled law with us that where there is a condition like the present one in the first policy, it must be made to appear that the second policy is a valid, subsisting contract, and the showing of a policy void when it was issued is not sufficient to defeat the prior insurance. The case cited is directly in point, and will not be overruled when it so clearly appears to be in accordance with the exact rule of construction applicable to such contracts, and when it is also sustained by the weight of authority in other courts. This support will be found in the following cases, and others that might be cited: *Jackson* v. *Massachusetts Mutual Fire Ins. Co.*, *23 Pick. 418; Clark* v. *New England Ins. Co.*, *6 Cush. 342; Hardy* v. *Union Ins. Co.*, *4 Allen 217; Thomas* v. *Builders Ins. Co.*, *119 Mass. 121; Stacey* v. *Franklin Ins. Co.*, *2 Watts & Serg. 506; Gale* v. *Belknap Ins. Co.*, *41 N. H. 170; Philbrook* v. *New England Ins. Co.*, *37 Me. 137; Rising Sun Ins. Co.* v. *Slaughter*, *20 Ind. 520; Mitchell* v. *Lycoming Ins. Co.*, *51 Pa. St. 402; Hubbard* v. *Hartford Ins. Co.*, *33 Iowa 325; Knight* v. *Eureka Ins. Co.*, *26 Ohio St. 664.*

It seems, also, that the examination of this subject by approved text-writers has led them to the same conclusion. *May*

*on Ins. 437; Flanders on Fire Ins. 49, 50; 2 Pars. on Maritime Law 100; Wood on Fire Ins.* § *348.*

The cases most frequently cited in opposition to this doctrine are *Carpenter* v. *Providence Washington Ins. Co., 16 Pet. 495; Bigler* v. *New York Central Ins. Co., 22 N. Y. 402.* In the latter case the second policy was treated by both parties to it as a valid, subsisting insurance, and a draft was given by the company, and accepted by the insured, to pay the amount of the loss; and in the former, the decision appears to have been put upon the ground that the policy could only be defeated by proof of the extrinsic facts of misrepresentation in obtaining the insurance, which did not render it utterly void *ab initio*, but merely voidable. In that case the court also declined to discuss the cases cited in conflict with the conclusion, and said they were distinguishable from it, and could not be permitted to govern it. These cases and others have been considered in those to which reference has been above made, and it will not be necessary to examine them further, for, notwithstanding the great respect to which they are entitled, their reasoning and authority are not sufficient to overcome the weight of opinion against them which has been approved in our own courts. The latest case to which my attention has been directed is *Landders* v. *Watertown Ins. Co.*, in the court of appeals of New York, reported in *24 Alb. Law Jour. 535* (1881), which appears, from the brief citation there given, to follow the earlier case of *Bigler* v. *New York Central Ins. Co.;* but whether distinguishable or not from this case under consideration, it can hardly be allowed to change the opinion already expressed.

As there was no actual, valid insurance in the Millville Insurance Company at the time Mrs. Nichol made the proof of her loss to the complainants, there was no fraud which materially affected them in her statement that she had no other insurance on the property; nor in her allegation that the actual value of the house insured, at the time of the fire, was $2,000, as that was an expression of opinion only, and not a misstatement of a fact material to the insurer. Another witness testified that her loss was $1,200, and the complainants compromised the loss with

her by the payment of $900; but neither is sufficient evidence, without proof of actual fraud, that her valuation was too great, and intended to defraud the company by false swearing.

After the payment of the loss by complainants, on May 7th, 1879, the defendant, Catharine Nichol, on June 7th, 1879, made her claim and proof of loss against the Millville Insurance Company, on the second policy, above referred to; but this company has not adjusted or paid the loss, or admitted in any way that the policy issued by them is valid. This in no wise affects the complainants, for upon any construction of these policies, the second policy was invalid and inoperative until it should be ratified and revived by some assent to its continuance or waiver of the forfeiture, with knowledge of the fact of a former insurance.

Section 6 of the complainant's policy states that, in case of any other insurance upon the property thereby insured, whether made prior or subsequent to the date of the policy, the assured shall be entitled to recover of the company no greater proportion of the loss sustained than the sum thereby insured bears to the whole amount insured thereon, without reference to the solvency or liability of the other insurers. It is claimed that, under this section, there should be an apportionment of the loss on these two policies which have been issued; but this apportionment can only be made where there are other insurers, and as we have above held that the second policy was, in legal effect, no insurance, this section is not applicable to the case here presented.

The decree is affirmed, with costs allowed to the respondents in this court.

*Decree unanimously affirmed.*