CLARENCE H. HAYES *vs.* MILFORD MUTUAL FIRE
INSURANCE COMPANY.

Suffolk.    November 11, 1897. — March 11, 1898.

Present: ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Fire Insurance — Insurable Interest — Description of Subject Matter — Gaming
Policy — Other Insurance — Defence — Premature Action — Arbitration.*

A. made a contract with the B. insurance company, by virtue of which he was constituted its sole agent, and was to receive as compensation for his services a sum equal to a certain percentage of the gross receipts, and also a sum equal to a certain percentage of the net profits of the business of the company. While this contract was in force, the C. insurance company issued to A. a policy of insurance against loss by fire or lightning to a certain amount, also "on his interest in profits under contract with the" B. company, provided, among other conditions, that the latter company sustained losses by fire between certain dates of an amount stated. *Held,* in an action on the policy, that A. had an insurable interest in the property insured by it; that the subject matter of the insurance was sufficiently described; and that the policy was not a gaming or wager policy.

It is no defence to an action on a policy of insurance, providing that the policy shall be void if the insured then has or shall thereafter make any other insur-ance on the property without the consent of the insurer, that the assured took a policy in another company, either before or after the policy sued on, and con-taining the same provision as that policy; and the fact that the assured has a suit pending against the other company is immaterial.

If there is no dispute between the insurer and the insured as to the loss incurred until more than sixty days after the latter has rendered his statement of loss, the insurer cannot contend that an action on the policy is prematurely brought because no proceedings have been had under the arbitration clause of the policy.

CONTRACT, upon a policy of insurance issued by the defendant to the plaintiff on October 29, 1895. The case was submitted to the Superior Court, and, after judgment for the defendant, to

this court, on appeal, upon agreed facts, the material parts of which appear in the opinion.

*W. G. Thompson*, for the plaintiff.

*F. P. Goulding*, (*W. Williams* with him,) for the defendant.

LATHROP, J.   The plaintiff, by virtue of a contract with the Atlas Mutual Insurance Company, made on February 27, 1895, was constituted its sole agent, and was to have charge of placing all risks on behalf of said company.   He was to receive as compensation for his services " a sum equivalent to twenty per cent of all sums received from the assured for or on account of all the policies issued on behalf of the company ; and also a sum equivalent to ten per cent of the net profits of the business of the company."   The net profits were to be estimated by considering as profits all premiums received or payable on account of policies issued within the year, and deducting therefrom all amounts paid for cancellations, returned premiums, rebates, reductions in rates, premiums for reinsurance, all losses and expenses incidental to the adjustment thereof, the compensation of twenty per cent above mentioned, and also all allowances provided in the contract on account of taxes and office expenses.   It is agreed by the parties that the plaintiff did not determine the character of the risks taken by the Atlas Insurance Company, but this duty was performed by the secretary of the company, under a vote of the directors.

While this contract was in force the defendant issued to the plaintiff the policy declared on.   This was on a printed blank of a Massachusetts standard policy, with a rider attached.   It insures " Lorenzo Burge, Hayes, & Co." (the name under which the plaintiff did business) against loss or damage by fire or lightning to the amount of twenty-five hundred dollars, as per form attached to and made the descriptive part of this policy.   Then follows the rider, signed by the secretary of the company, and reading as follows :

" Lorenzo Burge, Hayes, & Co.   On their interest in profits under contract with the Atlas Mutual Insurance Company of Boston, provided the following conditions are complied with : First.   The Atlas Mutual Insurance Company must sustain losses by fire between midnight of Sept. 30, 1895, and midnight of Dec. 31, 1895, amounting to $25,000.   Second.   No claim

for loss can be made against the Milford Mutual Fire Insurance Company until the assured presents a statement from the secretary of the Atlas Mutual Insurance Company, under oath, stating .that the Atlas Mutual Insurance Co. has suffered loss in excess of $25,000 by and in consequence of fires occurring during the term above specified. The above two conditions having been complied with, the Milford Mutual Fire Insurance Company hereby agrees to pay to the assured 50% of its policy; then if it is shown in the same manner that the losses of said Atlas Mutual Insurance Co. have amounted to $30,000 for the same period, the Milford Mutual Fire Insurance Co. pays a total loss under its policy. It is further understood and agreed that all specific reinsurance shall be credited by the Atlas Mutual Insurance Co., but it is further understood and agreed that the said $25,000 or $30,000 in losses are entirely irrespective of any and all excess reinsurance of whatever name or nature, should any exist. It is further understood that this policy cannot be cancelled by either party to this contract."

The insurance was from September 30, 1895, at midnight, until December 31, 1895, at midnight.

The Atlas Insurance Company sustained losses by fire between midnight of September 30, 1895, and midnight of December 31, 1895, in excess of $30,000, after crediting all specific reinsurance. The company had no excess reinsurance.

Before the date of the writ in this case the plaintiff presented to the defendant a statement under oath from the secretary of the Atlas Insurance Company, setting forth that that company had sustained losses by and in consequence of fires occurring between midnight of September 30, 1895, and midnight of December 31, 1895, amounting to more than $30,000, after crediting all specific insurance. This statement was accepted by the defendant as correct in form.

1. The first question which arises in the case is whether the plaintiff had an insurable interest in the property insured by the Atlas Insurance Company; and we have no doubt that he had such an interest. By virtue of his contract with the Atlas Insurance Company, he was entitled to a certain portion of the net profits of that company during the period specified in the policy. As, in estimating the net profits, losses were to be

deducted, the plaintiff would have been benefited by the continued existence of the property, insured by the Atlas Insurance Company, and would have been injured by its destruction.

In *Eastern Railroad* v. *Relief Ins. Co.* 98 Mass. 420, 423, it is said by Mr. Justice Gray: "By the law of insurance, any person has an insurable interest in property, by the existence of which he receives a benefit, or by the destruction of which he will suffer a loss, whether he has or has not any title in, or lien upon, or possession of the property itself." Many other cases might be cited to the same effect.

2. The next question is whether the description of the subject matter of the insurance, namely, the tangible property covered by policies of the Atlas Insurance Company during the time specified, is sufficiently definite.

The words "on their interest in profits" are to be taken in connection with the rest of the policy, and with the contract of the plaintiff, in determining what is meant. Preceding the rider are the words "against loss or damage by fire or lightning." These words have reference to tangible property rather than to an intangible interest. The first and second conditions of the rider show the intention of the parties that the payment of the insurance should depend on the destruction or damage of tangible property by fire or lightning. It also clearly appears in the contract between the plaintiff and the Atlas Insurance Company that a portion of the plaintiff's compensation for his services was dependent on the continued existence of property insured by that company.

In *Eastern Railroad* v. *Relief Ins. Co.*, *ubi supra*, the insurance was on the plaintiff's liability for loss and damage by fire occasioned by sparks of locomotives to property of others, situate on lands not owned or occupied by assured; and it was said by Mr. Justice Gray: "The object of this clause is to define the extent of the risk which is assumed, and to describe their insurable interest in accordance with its peculiar nature. . . . But, by the manifest purport of this clause, and the clear words of the subsequent provisions of the policy, it is the property in which they have an interest to the extent of their liability for its destruction, and not that liability itself, which is insured against loss or damage by fire."

So in cases under the St. of 19 Geo. II., c. 37, § 1, it has been held that an insurance on profits on goods is an insurance on goods. *Smith* v. *Reynolds*, 1 H. & N. 221. *De Mattos* v. *North*, L. R. 3 Ex. 185. See also *Berridge* v. *Man On Ins. Co.* 18 Q. B. D. 346.

We are therefore of opinion that the subject matter of the insurance was sufficiently described.

3. We see no ground for holding that the policy in question is a gaming or wager policy. The plaintiff, as we have seen, had an interest in the property insured when the policy was made, and this interest continued during the term of the policy. See *King* v. *State Ins. Co.* 7 Cush. 1, 5.

4. The policy in suit contains among the printed clauses after the rider the following: " This policy shall be void . . . if the insured now has or shall hereafter make any other insurance on the said property, without the assent in writing or in print of the company."

The plaintiff, as the agreed facts state, " on or about October 29, 1895," obtained a policy from the Citizens' Mutual Fire Insurance Company of Providence, Rhode Island, and on November 4, 1895, obtained another policy from the Security Mutual Fire Insurance Company, also of Providence. Each policy contained a rider similar to that in the policy in suit; and each also contained the following printed clause: " This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy."

It is clear, under our decisions, that neither of these policies affords any defence to the action. If the policy of the Citizens' Company was issued before the policy in suit, it became void by its terms when the defendant issued its policy. *Forbush* v. *Western Mass. Ins. Co.* 4 Gray, 337. If it was issued subsequently, as was the policy of the Security Company, for the same reason, neither it nor the policy of the latter company took effect. *Jackson* v. *Massachusetts Ins. Co.* 23 Pick. 418. *Clark* v. *New England Ins. Co.* 6 Cush. 342. *Hardy* v. *Union Ins. Co.* 4 Allen, 217. *Thomas* v. *Builders' Ins. Co.* 119 Mass. 121.

The fact that the plaintiff has a suit pending against the

Citizens' Insurance Company is immaterial. In *Thomas* v. *Builders' Ins. Co.*, *ubi supra*, the plaintiff had received payment under the subsequent policy, which policy was found to be invalid, and this was held not to affect the plaintiff's rights against the defendant.

5. Lastly, it is contended that the action is prematurely brought because no proceedings have been had under the arbitration clause of the policy. But it appears that, for more than sixty days after the sworn statement was rendered by the plaintiff to the defendant, there was no dispute between them as to the losses of the Atlas Company or as to the plaintiff's losses, although there was a dispute after sixty days. The policy contains this provision: "In case of any loss or damage, the company, within sixty days after the insured shall have submitted a statement . . . shall either pay the amount for which it shall be liable, — which amount, if not agreed upon, shall be ascertained by award of referees, as hereinafter provided." As there was no dispute as to the amount until at some time after the expiration of the sixty days, there was nothing to arbitrate; and the defendant may be held to have waived the provisions as to arbitration. *Wainer* v. *Milford Ins. Co.* 153 Mass. 335. *McDowell* v. *Ætna Ins. Co.* 164 Mass. 444.

There are some other questions raised by the agreed facts, which we have not considered, as they have not been argued.

The judgment of the Superior Court must be reversed, and, by the agreement of the parties, in the view which we have taken of the law, judgment is to be entered for the plaintiff for $2,500, with interest from March 6, 1896, and for costs.

*So ordered.*