CHESTER KOESKI *vs.* SPRINGFIELD FIRE AND MARINE INSURANCE COMPANY.

Franklin.   September 16, 1919. — October 14, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, & CROSBY, JJ.

*Insurance,* Fire.

Where one, who had insured himself against loss by fire of certain property by a policy which permitted him to place other insurance upon the property without notice to the insurer, procured the issuance by another insurer of another policy of fire insurance upon the property which contained a provision that such policy should be void "if the insured now has any other insurance on

the said property," the second policy never attached or became enforceable; and therefore an affidavit by the insured, on a proof of loss to the insurer under the first policy after a loss by fire, that the first policy was "the only insurance in effect," is true.

In an action upon the first policy under the circumstances above stated, it was *held* that a provision in that policy, that it should be void "if the insured shall make any attempt to defraud the company either before or after the loss," did not warrant the ordering of a verdict for the defendant.

CONTRACT upon a policy of fire insurance. Writ dated October 9, 1917.

In the Superior Court the action was tried before *Aiken,* C. J. The material evidence is described in the opinion. At the close of the evidence, the Chief Justice on motion of the defendant ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*C. Fairhurst,* (*W. A. Davenport* with him,) for the plaintiff.

*F. L. Greene,* for the defendant.

BRALEY, J. The policy issued by the defendant having expressly permitted other insurance without notice to the company, the additional policy procured by the plaintiff in another company did not violate its terms nor render the contract voidable at the election of the insurer; but as the second policy contained a clause that "the policy shall be void if the insured now has any other insurance on the said property," it never attached or became a binding enforceable obligation between the parties. It follows that when the plaintiff submitted his proof of loss in which he declared under oath that the defendant's policy was "the only insurance in effect," the statement was true and correct. We assume that the policy declared on is in the standard form prescribed by St. 1907, c. 576, § 60. But the clause that the policy should be void "if the insured shall make any attempt to defraud the company either before or after the loss," upon which the insurer relies to avoid payment, did not of itself as matter of law warrant the ordering of a verdict for the defendant for reasons previously stated. *Hayes* v. *Milford Mutual Fire Ins. Co.* 170 Mass. 492, 496.

It becomes unnecessary to consider the rulings relating to the admission and exclusion of evidence to which the plaintiff duly excepted, or the question whether under *Stone* v. *Denny,* 4 Met. 151, *Clapp* v. *Massachusetts Benefit Association,* 146 Mass. 519,

529, and *Barker* v. *Metropolitan Life Ins. Co.* 198 Mass. 375, the jury were to determine if the plaintiff made the statement with the intention of defrauding the company.

The exceptions must be sustained.

*So ordered.*